KNAUFF v. NATIONAL COOPERAGE COMPANY.

Opinion delivered October 12, 1908.

1. CLOUD ON TITLE—JURISDICTION OF EQUITY.—Kirby's Digest, § 665, providing that there shall be no confirmation of a tax or other involuntary sale mentioned in § 661 unless the petitioner or those under whom he claims title "has paid the taxes on the lands for at least two years after the expiration of the right of redemption," applies only to actions *in rem* under § 662, and does not apply to adversary suits to quiet title, of which equity had jurisdiction independently of the statute. (Page 495.)

2. SAME—SUFFICIENCY OF COMPLAINT.—A complaint in an adversary suit to quiet title which alleges that plaintiff is owner of the land which is unoccupied, and that appellee is asserting title thereto, states a cause of action. (Page 495.)

Appeal from Prairie Chancery Court; *John M. Elliott,* Chancellor; reversed.

*W. A. Leach,* for appellant.

1. This is an adversary suit against one not in possession. The complaint alleges all necessary facts to give a court of equity jurisdiction. Kirby's Digest, § § 650-656 and 7104; 32 Ark. 131; 35 *id.* 505; 46 *id.* 96; 59 *id.* 115; 84 *id.* 1. Payment of taxes not necessary to maintain suit. Kirby's Digest, § 656.

2. Independent of any and all statutes, petitioner was entitled to quiet his title. The statutes are merely declaratory of existing powers in courts of equity. 77 Ark. 338; 37 *id.* 387, and cases *supra.*

3. Kirby's Digest, § § 661-675. Under these sections the court, if a defendant appears, must try the title to the land, the validity of the sale, and either confirm or annul. 24 Ark. 519; 71 *id.* 211.

*Thomas & Lee,* for appellee.

There is no allegation of payment of taxes for at least two years. Kirby's Digest, §, 665, etc. 68 Ark. 211 is decisive of this case. See also § 667, Kirby's Digest; 69 Ark. 517. The demurrer was properly sustained.

MCCULLOCH, J. Appellant filed his complaint or petition in chancery, alleging that he is the owner of certain lands in Prairie County, claiming title thereto under a clerk's deed executed July 21, 1905, pursuant to sale by the collector for delinquent taxes,

and praying that his title to said lands be quieted. He also alleged that appellee is setting up a claim to said lands and has been paying taxes thereon from year to year, and he asked that appellee be made a party defendant in the suit. Appellee was brought in by service of summons, and filed its demurrer to the complaint, which the court sustained.

Appellee defends this ruling of the court on the ground that appellant fails to allege in his complaint that he had "paid taxes on the lands for at least two years after the expiration of the right of redemption," in compliance with the requirements of the statute authorizing confirmation of tax titles and other titles under involuntary sales. Kirby's Dig. § § 661-675.

It is contended that a title under a tax sale or other involuntary sale mentioned in the statute cannot be quieted unless the terms of the statute be fully complied with. The vice of this contention is that it seeks to apply the requirements of the statute to adversary suits, such as this one, between parties for the purpose of litigating conflicting titles and quieting the superior one. The statute does not control in such suits, as the jurisdiction of chancery courts over such subjects is exercised independently of statute. The statute, in so far as it confers jurisdiction in such cases over which courts of equity formerly exercised jurisdiction, is to that extent merely declaratory of existing powers, and not a grant of additional powers. *Hempstead* v. *Watkins,* 6 Ark. 317; *Boyce* v. *Grundy,* 3 Pet. 210.

The complaint alleges that the land is unoccupied by an adverse claimant, and that appellee is asserting title thereto and paying taxes on the land. This states a cause of action in an adversary suit, and, if sustained by proof, is sufficient to entitle appellant to relief. The court should, under that state of the case, grant the relief prayed for by removing the alleged cloud and quieting appellant's title. Even if appellant is not entitled under the statute to a general decree for confirmation of the tax sale, the complaint states a case for relief in this adversary suit against appellee, and it was error to sustain a demurrer to the complaint, which is at least good to the extent that it states grounds for equitable relief against appellee.

Reversed and remanded with directions to overrule the demurrer to the complaint.