KINSWORTHY ET AL. VS. AUSTIN.

A sale of land for taxes, after tender of payment by the owner, though the land is assessed in the name of another person, does not divest the owner of his title.

*Appeal from Columbia Circuit Court in Chancery.*

HON. LEN. B. GREEN, Circuit Judge.

GARLAND, for appellant.

GALLAGHER, for appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

For several years prior to 1849, Austin, through his agent Woodruff, paid the taxes upon the southwest quarter of section twenty-four, in township eighteen south, of range twenty-two west, but in 1849, the list which Woodruff prepared for the assessor of Lafayette county, in which the land was then situated, failed to reach him, and the land was not charged with taxes for that year in the name of Austin, yet Austin, by Woodruff, his agent, tendered to the collector of Lafayette county the taxes on the land for the year 1849, but the collector refused to receive them because no charge of taxes upon the land in Austin's name was upon his tax book. Neither Woodruff nor the collector, as we may suppose, then knew that the land was taxed that year to Cobb, or to Cobb & Shaw, but such proved to be the fact, and for want of payment of the taxes, the land was offered for sale by the collector, was forfeited to the State, and in due time was exposed to sale by the auditor, and the Kinsworthys and Williams bought it. Woodruff, supposing that the taxes had not been paid for 1849, in 1850 had it assessed, and paid the taxes on it for that and the preceding year, and has ever since, to the time of the trial of this case, paid the taxes on the land for Austin. The purchasers at the auditor's sale filed their petition for its confirmation, Austin appeared and resisted it, his resistance was successful, the tax sale was annulled, the deed of the auditor to the Kinsworthys, and to Williams, was canceled; hence this appeal on their part for the reversal of the decree of the Circurt Court sitting in chancery for Columbia county, within whose limits the land is situated.

If Austin loses the land, it will be for his default in not paying the taxes charged upon it in 1849, though it was taxed to Cobb, or to Cobb & Shaw.   Under our law the numbers of the land were a sufficient description and notice to him that it was taxed, and that he must pay the taxes to save it from sale or forfeiture; and it necessarily follows that, if he were to lose the land for not taking notice of its being taxed, though in the name of another person, he was entitled to have his money tendering the taxes upon the lands applied to their payment, in whosoever name the land was taxed.   Austin was not liable to the penalty of the law for not paying his taxes; he was willing to pay them, he offered to do so; the collector refused to take the money tendered for their payment.   He was bound to receive it when tendered by the owner, and put it to the credit of the lands, though it was taxed to another person than the owner, or the one making the tender.   It would be strange law to cause Austin to lose his land for not paying the taxes charged upon it in the name of another person, and also to lose his land because the collector would not receive the money offered for the taxes because they were not charged in Austin's own name.

The decree of the court below was according to law and equity, and is affirmed.