## GUNN *v.* THOMPSON.

Opinion delivered June 21, 1902.

TAX SALE—MISTAKE.—Plaintiff offered to pay the taxes on his land, which was correctly described by him and was assessed in his name, but handed the collector his deed in which, by mistake, a tract of land belonging and assessed to another was described. Without saying anything to plaintiff, the collector credited the taxes on the latter tract, and plaintiff, being illiterate, did not discover the mistake until after the land had been sold to defendant for taxes, and the period of redemption had expired. *Held*, that the tax sale was void.

Appeal from Monroe Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Affirmed.

STATEMENT BY THE COURT.

Simon Thompson was the owner of lot No. 4, in block 25, in the town of Brinkley. He had purchased the lot from one Goodwin, who had put him in possession, and had also attempted to convey the lot to him, but by mistake had conveyed him lot No. 4, in block 24, instead of the lot he had sold him. Thompson, being

an ignorant negro, unable to read, did not discover the mistake. The land was properly assessed in the name of Thompson, and when the taxes for 1893 became due he went to the collector, and correctly designated to him the lot upon which he wished to pay, but, being ignorant of the fact that the lot was not correctly described in the deed to him from Goodrich, he also exhibited this deed to the collector. The collector did not make out the tax receipt for the lot as described by Thompson, but followed, instead, that given in the deed, which, as before stated, was incorrect. Thompson, being ignorant of the mistake, made no attempt to have it corrected, and the lot was afterwards advertised as delinquent, sold for the nonpayment of taxes, and purchased by James Gunn, Jr. Gunn in due time received a deed to the land, and brought an action of ejectment to recover the land. Thompson for answer alleged that he had offered to pay taxes on the lot in controversy, but that through mistake of the collector the taxes were credited on another lot not owned by him. The case was transferred to the equity docket, and on the hearing the chancellor gave judgment in favor of Thompson, and Gunn appealed.

*C. F. Greenlee*, for appellant.

Redemption is a statutory right, and, in extenuation of failure to redeem within the prescribed time, only fraud of those upon whom the owner had a right to rely can be heard. Cooley, Tax. 541; Black, Tax Tit. § 362. There are no exceptions in favor of infants, except by statute. 53 Ark. 418; Sand. & H. Dig., § 6615. The costs for which the tract was sold were not excessive. 61 Ark. 414. The sale was valid. Sand. & H. Dig., § 6633.

*M. J. Manning*, for appellee.

Equity has jurisdiction to set aside tax deeds resulting from fraudulent conduct of taxing officers. 54 N. W. 1013. Such deeds will not pass title to the purchaser. Sand. & H. Dig., § 6614; 34 Fed. Rep. 709. The owner of land has the right to presume that the clerk has done his duty. Cooley, Tax. 532-540; Black, Tax Tit. 52; 106 U. S. 196; 52 Pa. St. 315; 44 Ia. 628; 24 Pa. St. 452; 57 Pa. St. 40; 36 N. Y. 150; 100 Ill. 218. The rule of *caveat emptor* applies to purchasers of tax titles. Cooley, Tax. (2d Ed.), 475-553. Desty, Tax. 850. The charges against the property were excessive and illegal. 61 Ark. 36; 18 Pac. Rep. 300; 20 Pac. Rep. 15; 21 Pac. Rep. 87; Black, Tax Tit. § 235.

RIDDICK, J., (after stating the facts.)   The question presented by this appeal relates to the validity of a tax sale under which the plaintiff, Gunn, claims to be the owner of the lot in controversy. The defendant, Thompson, who was the owner at the time of the tax sale, paid the taxes on the lot, but through a mistake the taxes were credited to another lot not owned by him.   The case, then, turns on the question as to whether this mistake was the fault of Thompson or the collector of taxes.

Thompson testified as follows: "I went," he said, "into the collector's office.   I asked to pay taxes on lot 4, block 25.   The sheriff handed me my receipt.   I can neither read nor write.   I thought my tax receipt was all right, and did not know but what it was on lot 4, block 25."   He goes on then to say that the first intimation he had that anything was wrong was after the time for redemption had expired.   Under the evidence, as it appears in the record, the chancellor might have found that the defendant at the time he paid the taxes told the officer that he wished to pay on lot 4, block 25, and that the officer, after looking at the deed exhibited by the defendant, concluded that he wished to pay on the land as described in the deed, and made out the tax receipt accordingly, without informing the defendant of his action in this respect.   The defendant, not being able to read, rested under the belief that the officer had obeyed his directions and credited the amount paid to the lot owned by him.   Assuming that these facts to which the defendant testified were true, we think they are sufficient to uphold the finding of the court.

We have not overlooked the fact that the officer was propably misled by the description in the deed exhibited to him by the defendant.   If the defendant had directed the officer to credit the taxes on the lot described in the deed, or if he had merely handed the deed to the officer, and said nothing more, the officer would have been justified in presuming that the deed correctly described the lot upon which Thompson wished to pay.   But the defendant testified that he told the officer that he wished to pay on lot 4, in block 25.   This lot was owned by Thompson, and assessed in his name, and was the one upon which he desired to pay the taxes, but the officer, without looking at the books, credited the taxes on another lot, which belonged to, and was assessed in the name of, another party.

The mere fact that Thompson, who could not read, handed the

officer a deed in which the lot was incorrectly described did not justify the officer in applying the money to the payment of taxes on a lot different from that upon which the defendant had offered to pay, and which was assessed to another person. He should have called Thompson's attention to the fact that the lot described in the deed was not the lot upon which he had offered to pay, and allowed him to make the change if he desired to do so. Of course, there may be room for doubt as to whether the testimony of Thompson was correct or not, but, as he testified that he notified the officer that the taxes were paid on the lot owned by him, and as no witness contradicted this statement, we think that the finding of the court has sufficient evidence to support it. If the taxes were paid on the lot, it follows that the sale for nonpayment of taxes was without authority and void.

Judgment affirmed.