## SCROGGIN *v.* RIDLING.

Opinion delivered October 18, 1909.

TAXATION—TAX SALE—EFFECT OF COLLECTOR'S MISTAKE.—Where the owner of land in good faith attempted to pay the taxes on all of his land, but by the collector's mistake the taxes on a part of it were not paid, the owner will be entitled to redeem the land.

Appeal from Conway Chancery Court; *Jeremiah G. Wallace*, Chancellor; affirmed.

*Sellers & Sellers*, for appellant.

The one issue raised by the pleadings and proof is whether appellee *paid* the taxes and the collector by mistake improperly applied the payment to the wrong tract. On this issue he must fail because of this stipulation: "It is agreed that the defendant, Ridling, paid the amount of money shown by his tax receipt for 1904; that the receipt included twenty acres of land assessed at $30.00 not owned by him, to-wit: S. ½ S. W.¼, N. E.¼ 28-8-16 W., and the land in controversy not included in the receipt was assessed at $100." The receipt shows that taxes were paid upon this $30 valuation, and not upon the $100 valuation. No payment less than the full amount is sufficient. 36 Fed. 874; 35 Ark. 509. An offer to pay, or tender, must be of the entire amount due, or the tax lien will not be discharged. 20 Ark. 277; 52 S. W. 1082. Appellee's description of the land is too vague and indeterminate to bring him within the rule that the taxpayer must "himself appropriate in some manner the money paid to the particular lands he wishes to clear." 35 Ark. 510.

*William L. Moose*, for appellee.

Appellee's direction to collector was clear, definite, unmistakable. His attempt in good faith to pay the taxes on the land was payment. In the case relied upon by appellant, 35 Ark. 505-9-10, the question was whether the owner's agent intended to pay on the omitted tract, not whether enough money had been paid to cover the taxes; and the court held that there was no sufficient proof of intention to pay. The title was held void for another reason. Black on Tax Titles, § 162; *Id.* 5th Ed., § 717; *Id.* § 725; *Id.* § 820; 2 Cooley on Taxation, 802; 70 Ark. 500.

HART, J. O. O. Scroggin brought suit in ejectment in the Conway Circuit Court against H. L. Ridling to recover possession

of the N. E. ¼ of the N. E. ¼ of Sec. 20, Twp. 8 N., R. 16 West, in Conway County, Arkansas. He relied on a tax title to maintain his action. Ridling filed his answer and motion to transfer the cause to the chancery court, in which he set up that he had attempted to pay the taxes in apt time, but that through the mistake or fault of the collector of taxes the land was not properly described in the tax receipt given him, and that he did not discover the mistake until the present suit was brought. Ridling asked that he be allowed to redeem the land, and that a decree be entered cancelling Scroggin's tax deed as a cloud upon his title. By consent the cause was transferred to the chancery court, and the chancellor found the issue in favor of Ridling, allowing him to redeem upon payment of five dollars, the taxes, penalty and costs for which the land was sold.

Thereupon Ridling offered to pay to Scroggin said sum of five dollars, which was refused in open court, and a decree was entered cancelling Scroggin's tax deed as a cloud upon Ridling's title. Scroggin has appealed to this court.

The sole question raised by the appeal is as to the validity of the tax title of Scroggin. It is conceded that a *bona fide* attempt to pay all the taxes, frustrated by the mistake or fault of the collector, is equivalent to actual payment, and this was the rule announced in the case of *Gunn* v. *Thompson,* 70 Ark. 500.

We think the facts of this case bring it within the rule. Ridling received a deed for the land in 1902, and in 1903 he got some one to go to the collector's office to pay the taxes for him. In 1904 he went himself to the collector to pay the taxes, but did not have the deeds with him. He wished to pay taxes on 180 acres of land, and gave the description of it to Albert Stover, deputy collector in the sheriff's office. Ridling testified as follows: "I told him beginning at the northeast corner of the section with the Fonville land, the Fonville forty at the northeast corner. Then I told him going three-fourths of a mile south, the next forty the house was on, and the forty still south of that, and then beginning at the section line and running east and west north of these three forties and running one-quarter and one-half quarter south."

The Fonville forty is the one in controversy. Ridling further stated that he could not tell from examining the tax receipt

whether or not it correctly described the land, and that he did not even have sufficient education to discover the mistake by comparing the tax receipt with his deed. He supposed his tax receipt was correct, and paid taxes on the land during the ten subsequent years until this suit was brought, not knowing that it had been sold for taxes. The suit was commenced September 21, 1908.

The collector made a plat of the 180 acres from the description given him by Ridling. All the land described except the 40 acres in controversy was correctly written in the tax receipt. Ridling's decription began with the 40 acres in controversy, and the other lands were decribed with reference to it. No mistake having been made with reference to them shows that the mistake was made through the fault of the collector. Ridling correctly described the land to the collector, and in good faith paid him the amount of taxes claimed to be due.

We think the facts uphold the finding of the chancellor, and it is ordered that the decree be affirmed.