KNAUFF *v.* NATIONAL COOPERAGE & WOODENWARE COMPANY.

Opinion delivered May 8, 1911.

1. TAXATION—SUFFICIENCY OF PAYMENT.—Where a taxpayer pays to the collector the proper amount of taxes due on his land, and the collector applies it to the payment of taxes on other land, or omits a portion of the land from the receipt, it is nevertheless an actual payment. (Page 139.)

2. QUIETING TITLE—BURDEN OF PROOF.—In suits to quiet title the plaintiff must succeed, if at all, upon the strength of his own title, and cannot rely upon the weakness of his adversary's title, and the burden is upon him to show title. (Page 140.)

3. APPEAL AND ERROR—FORMER DECISION LAW OF CASE.—A decision of this court on a former appeal is the law of the case on a subsequent appeal. (Page 140.)

Appeal from Prairie Chancery Court; *John M. Elliott,* Chancellor; affirmed.

STATEMENT BY THE COURT.

This suit was brought by appellant against appellee to quiet title to a certain tract of land in Prairie County. The appellant set up a tax deed which was executed by the county clerk July 19, 1905. The deed was given for lands that were sold for the nonpayment of the taxes for the year 1902. The appellant alleged that the appellee was setting up some claim or interest in the land, the nature and extent of which was unknown to appellant other than that it had paid the taxes thereon for the year 1904, 1905 and 1906. The prayer of the complaint was that the appellee be made a party defendant and required to answer, and praying that the title to the land be quieted and confirmed in the appellant. The appellee denied that appellant was the owner of the land in controversy, admitted that the lands were subject to taxation for the year 1902, alleged that appellant's tax deed was void because the taxes on said land had been paid for the year 1902, and that it was void for various other reasons which it is

unnecessary here to mention. Appellee deraigned title through mesne conveyance from one Jesse Martin, "who died seized and possessed of ths lands in 1874." The appellant introduced his tax deed and rested. The appellee introduced a letter which it had written to one J. J. Erwin, its agent, in which it inclosed a list of lands, including the lands in controversy, with a request to Erwin to pay the taxes and draw on appellee for the money with tax receipts attached. Appellee wrote another letter on April 8, 1903, in which it asked its agent, Erwin, if he had attended to the payment of the taxes. On April 13, 1903, Erwin answered appellee's letters, in which he states:

"In regard to the taxes, will say that I will attend to them in a few days when I pay my own. I have entered them on my list that I have to pay on, and will pay them when I pay mine, and will send receipts at earliest possible moment."

The appellee acknowledged the receipt of this letter, saying:

"We note what you say regarding our taxes, and trust you will give this matter the necessary attention so as to avoid penalty."

There was testimony on behalf of appellee to the effect that it had paid the taxes for the years 1901, 1903 and 1904 on all of the lands listed with its agent Erwin, including the land in controversy, and that it had the receipts for those years. It had no tax receipt for the year 1902, the year that Erwin paid the taxes for it. It had not received the receipts from Erwin, although it sent him the money to pay the taxes. The testimony of Erwin shows that he gave the sheriff the list of lands that had been sent him, and that the sheriff had given him the tax receipts, and that he had mislaid the same and had been unable to find them. The taxes to be paid were for the year 1902 to be paid in 1903. Erwin testified that he had no recollection as to the land mentioned in the list, and could not say whether it was on the list given the collector or not, but that he was satisfied he turned the list in as it was sent to him.

*W. A. Leach,* for appellant.

1. The deed executed to appellant by the clerk was *prima facie* evidence of title in appellant. Kirby's Dig. § 7104; 69 Ark. 424; 74 Ark. 463; 81 Ark. 319.

2. The evidence is not sufficient to show either payment or a *bona fide* attempt to pay the taxes on the land in question for the year 1902.   35 Ark. 505; 70 Ark. 500.   Unless it is clearly shown that appellee was prevented from paying the taxes by the mistake of the collector, the recital in appellant's tax deed that the land was sold for taxes, penalty and cost due and remaining unpaid must prevail.

*Thomas & Lee,* for appellee.

1. Appellant having made the appellee a defendant in the action, he must rely upon his title and show that he had a good title before it can be confirmed. He cannot be heard to claim here for the first time that appellee has no right, title or interest in the land.   55 Ark. 213; 68 Ark. 426, 430.

2. The court's finding in accordance with the preponderance of the evidence that appellee paid the taxes for the year 1902 will not be disturbed here.

WOOD, J., (after stating the facts). As correctly stated by counsel for appellant, the following rule may be deduced from our cases as to the payment of taxes: "If the taxpayer pays to the collector proper amount and appropriates the money paid to the land on which he desires to pay, and the collector applies it to the payment of taxes on other land, it is nevertheless an actual payment; or if the taxpayer designates on what land he desires to pay and pays the amount asked by the collector, and the collector omits from the receipt any portion of the land on which the taxes are to be paid, it is nevertheless equivalent to an actual payment." *Hickman* v. *Kempner,* 35 Ark. 505; *Gunn* v. *Thompson,* 70 Ark. 500; *Scroggin* v. *Ridling,* 92 Ark. 630.

In *Scroggin* v. *Ridling, supra,* we held that "where the owner of land in good faith attempted to pay the taxes on all of his land, but by the collector's mistake the taxes on a part of it were not paid, the owner will be entitled to redeem the land."

The evidence in this record, we think, is sufficient to show, by fair preponderance, that appellee had paid the taxes on the land in controversy for the year 1902, and that therefore appellant's tax deed was null and void. The fact that Erwin entered the particular tract of land in controversy on the list that he paid taxes on for that year shows that he intended to pay the taxes on that particular tract, and when he did afterwards pay

the taxes on the lands included in his list necessarily he must have paid on that tract.

The appellee, however, does not show that it had any title to the land in controversy, and because of this fact appellant contends that its title should be quieted under section 7105, Kirby's Digest, which provides: "In all controversies and suits involving title to real property, claimed and held under and by virtue of a deed executed substantially as aforesaid by the clerk of the county court, the party claiming title adverse to that conveyed by such deed shall be required to prove, in order to defeat the said title, either that the said real property was not subject to taxation for the year (or years) named in the deed, or that the taxes had been paid before the sale. * * * But no person shall be permitted to question the title acquired by a deed of the clerk of the county court without first showing that he, or the person under whom he claims title to the property, had title thereto at the time of the sale, or that title was obtained from the United States or this State after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title as aforesaid."

We are of the opinion that the above section has no application to the facts of this case. We held, on the former appeal, that this suit was an adversary proceeding to quiet title. *Knauff* v. *National Cooperage Co.*, 87 Ark. 494. That is the law of the case. This, then, is not a suit for confirmation, but an adversary proceeding to quiet the title. The appellant is seeking, by affirmative action against the appellee, to remove a claim of title which he alleges that appellee has. Appellee does not ask any affirmative counter relief against appellant. Appellee simply showed that appellant's *prima facie* title was void because the taxes for the year 1902 had been paid. That left the burden where the law places it in the whole case—upon appellant. There is nothing in the facts of this record to take it out of the rule applicable in ordinary cases to quiet title, which has been so often announced by this court as follows: "In suits to quiet title the plaintiff must succeed, if at all, as in actions of ejectment, upon the strength of his own title, and cannot rely upon the weakness of his adversary's, and the burden is upon him to show title." *Hornor* v. *Jarrett, post* p. 154; *Mason* v. *Gates,* 82 Ark. 294; *Lawrence* v.

*Zimpleman,* 37 Ark. 644; *Kelley* v. *Laconia Levee Dist.,* 74 Ark. 202; *St. Louis Refrigerator & Wooden Gutter Co.* v. *Thornton,* 74 Ark. 346; *Chapman & Dewey Land Co.* v. *Bigelow,* 77 Ark. 338.

The judgment is therefore correct, and is affirmed.

McCULLOCH, C. J., (dissenting).   I think the conclusion of the majority of the court ignores the statute which provides that "in all controversies and suits involving title to real property, claimed and held under and by virtue of a deed executed substantially as aforesaid by the clerk of the county court, * * * no person shall be permitted to question the title acquired by a deed of the clerk of the county court, without first showing that he, or the person under whom he claims title to the property, had title thereto at the time of the sale, or that title was obtained from the United States or this State after the sale."   Kirby's Digest, § 7105.   This statute places the burden of proof, in all controversies involving title to land, on the party attacking the validity of a tax deed of showing that he was the owner of the land at the time of the sale for taxes or that he had obtained title from the United States or from the State after such sale.   He will not be heard to question the validity of the tax sale until he has first proved his ownership of the land.   We upheld that statute and gave effect to it in the case of *Osceola Land Co.* v. *Chicago Mill & Lumber Co.,* 84 Ark. 1, holding that by virtue of that statute a party who had no title at all could not question the validity of a tax sale under which his adversary claimed title to the land.   It seems clear to me that, in order to give full effect to the above-quoted statute according to its plain language, it should be held to place the burden of proof on the party attacking the validity of the deed to first show that he had title himself and then to prove such facts as will render the tax deed void. This statute, construed as I think it should be, does not impair the force of the well-established rule that the plaintiff in ejectment or in a suit to remove a cloud on title must rely on the strength of his own title, and not on the weakness of his adversary's title. The plaintiff must recover on the strength of his own title; but when he produces a tax deed executed substantially in conformity with the statute, he establishes title thereunder which entitles him to recover unless his adversary shows facts sufficient to establish ownership at the time of the sale and sufficient to show the inva-

lidity of the tax sale.    There are no decisions of this court which militate against this view.    *Mason* v. *Gates*, 82 Ark. 294, which is relied on by the majority, does not, for in that case the defendants proved that they had title unless the tax sale was valid, and thereby put themselves in position to successfully attack the plaintiff's tax deed.

I am also of the opinion that appellee failed to prove that the taxes were paid.    Appellee's agent did not pay the collector anything as taxes on this land.    The testimony in its most favorable light to appellee merely shows that its agent handed the collector a list of lands containing a description of this tract, with many others, and that the collector inadvertently omitted this tract from the tax receipts which he made out and presented to the agent.    No money was paid until the collector presented the receipts for the taxes, and, as before stated, nothing was ever paid in satisfaction of the taxes assessed on this land.    I therefore dissent from the conclusion of the majority.

I am authorized to say that Mr. Justice KIRBY concurs in the views expressed above.