## FLEISCHER v. WAPPANOCCA OUTING CLUB.

### Opinion delivered May 3, 1915.

1.  TAXATION—ENFORCEMENT—COLLATERAL ATTACK.—Under Act 1909, p. 783, providing that the owner of land sold for nonpayment of taxes may, within three years after the rendition of the final decree, file his petition alleging payment of the taxes for the year, for the nonpayment of which the land was sold, and that on the establishment of the fact alleged, the court shall vacate the decree as to such lands. Held, when the petitioners filed their petition within two years after the rendition of the decree, such decree condemning the lands was not conclusive of the issue raised by the petition, whether the taxes had been paid for the year in which they were returned delinquent since the proceeding was under the statute, to be considered as directly attacking the decree, and being expressly authorized by the statute.

2.  TAXATION—TENDER—REFUSAL—REMEDY.—When an owner of land tenders his taxes due on the same, and the collector by mistake refuses to accept the same, the owner may redeem the land if it is subsequently sold.

Appeal from Crittenden Chancery Court; *Charles D. Frierson,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

The appellees filed their petition, setting up that the west fractional half of section 34, township 9 north, range 8 east, containing 223.32 acres, was sold in 1910 under a decree of the chancery court for the alleged nonpayment of taxes due the St. Francis Levee District for the year 1909, and that appellants were the purchasers at that sale. The petitioners alleged that they had paid the taxes for

that year and that they filed their petition within two years after the sale.

Appellee Jewell alleged that he had been informed that the taxes on the tract of land owned by him had been paid for the year 1909, and that he was ignorant of the proceedings that had been taken against it, and that while the taxes, in fact, were not paid, he tendered with his petition, within two years after the final decree, the amount of the taxes, penalty and costs, if the same were legally charged against him.

Appellees asked that the decree under which their lands were sold be cancelled as a cloud on their title.

The appellants answered these petitions, denying their allegations, and setting up that the lands were condemned to be sold for the delinquent levee taxes for 1909; that they became the purchasers, and that deeds were executed to them in conformity with the sale. They denied that the sale was void for any reason. They set up that appellee Jewell had no right to pay the taxes within two years after the final decree in the cause, and asked that his petition be denied.

The stipulation of counsel shows that the lands were assessed for the year 1909, as follows:

"*Wappanocca Outing Club—All frl. section* 34, 543 *acres,* $59.73. Paid October 21, 1909. (Register receipt being No. 301.)

"G. A. Jewell—Frl. w. ½, sec. 34, 97 acres, $10.67. Not paid."

It was further stipulated that prior to the expiration of the time for the payment of levee taxes in the year 1909, G. A. Jewell went to the office of the tax collector for the St. Francis Levee District and asked to pay his taxes on the lands in controversy claimed by him and was told that the same had been paid by appellee, Outing Club.

The court found as to the appellee, Wappanocca Outing Club, that it paid the taxes for the year 1909 on the lands in controversy claimed by it, and that the sale that was made did not affect the title of the Wappanocca

Outing Club, and decreed that the sale of the lands "lying within the boundary line of Big Lake, or Wappanocca Lake," be set aside and cancelled.

As to appellee Jewell, the court found that Jewell tendered the levee taxes for the year 1909 during the time allowed by law for the payment of the taxes on the lands claimed by him and that the tender was refused by the collector.

The court further found that the lands claimed by Jewell as listed for taxation and as described in the complaint for their condemnation were not properly described, and that the chancery court had no jurisdiction to render the decree under which the lands were sold. The court therefore cancelled the decree as to the lands claimed by appellee Jewell. The appellants duly prosecute this appeal.

*Mann, Bussey & Mann,* for appellants.

The contention that petitioners had paid the taxes, and, therefore, no suit should have been instituted, nor decree rendered for the taxes, can not be sustained, for the reason that such question is concluded by the decree. 94 Ark. 588.

As to Jewell, the statute does not protect one who merely makes an effort to pay his taxes and fails. If he is entitled to any relief at all, he must come within the express language of the statute. This he has failed to do.

*L. P. Berry,* for appellees.

Appellees filed their petitions under section 1 of Act 262, Acts 1909, and this is not a collateral attack upon the decree. Therefore, the case of *Pattison* v. *Smith,* 94 Ark. 588, relied on by appellants, does not apply.

There is no dispute as to the facts. The outing club paid the taxes on the land owned by it, and Jewell offered to pay and tendered the taxes on his land, which the collector refused.

A tender would have the same effect as payment. 23 Ark. 375; 35 Ark. 505; 70 Ark. 500; 92 Ark. 630; 99 Ark.

137; 74 N. W. 1045; 75 N. W. 292; 100 N. W. 180; 38 So. 609; 34 S. E. 508.

WOOD, J., (after stating the facts). (1) The appellants contend that the decree condemning the lands in controversy to be sold for the nonpayment of taxes was conclusive of the issues raised by appellees in their petition, towit, that they had paid and tendered for payment the taxes on the lands in controversy for the year in which the same were returned as delinquent, and they rely upon the case of *Pattison* v. *Smith,* 94 Ark. 588. That was a suit in ejectment by the owner of the land sold for delinquent taxes against the purchaser at the sale, alleging that the taxes for which the lands had been sold had been paid and that the decree condemning the same for sale was therefore void. The court held in that case that the decree of the chancery court condemning the land to be sold under the act of 1895 was conclusive, on collateral attack, of the question as to whether or not the taxes had been paid, and that the land owner could not impeach the decree by showing actual payment of the taxes. That case has no application here for the reason that the appellees filed their petitions herein within two years from the rendition of the decree under which their lands were sold, as they were authorized to do by the act under which the lands were sold.

Act 262 of the Acts of 1909, under which the lands in controversy were sold for the alleged nonpayment of taxes, provides in part as follows: "And provided that the owner of said lands * * * may at any time within three years after the rendition of the final decree herein provided file his petition in said court, alleging the payment of taxes on said lands * * * for the year for which they were sold and upon the establishment of that fact the court shall vacate and set aside the said decree as to such lands."

Appellees' petitions therefore were not collateral attacks upon the decree of the chancery court, but were expressly authorized by the statute, and therefore must be

considered as direct proceedings in the original action, attacking the decree.

The appellants concede that the appellee, Wappanocca Outing Club, paid the taxes on the lands claimed by it. This, under the provisions of the act, shows that the decree of the court was correct as to appellee, Wappanocca Outing Club.

(2)  But appellants contend that it does not protect appellee, Jewell. The court found that Jewell "tendered and offered to pay the levee taxes for the year 1908 during the time allowed by law for the payment of said taxes and that the said tender was refused by the collector of said taxes."

In *Scroggin* v. *Ridling,* 92 Ark. 630, we held. "Where the owner of land in good faith attempted to pay the taxes on all of his land, but by the collector's mistake the taxes on a part of it were not paid, the owner will be entitled to redeem the land." This principle applies here. The offer of appellee, Jewell, to pay and his tender of the taxes to the collector was tantamount, under the provisions of the statute, to a payment, and the collector, under those circumstances, was not authorized to return his land as delinquent. *Kinsworthy* v. *Austin,* 23 Ark. 375; *Gunn* v. *Thompson,* 70 Ark. 500; *Knauff* v. *National Coop. & Woodenware Co.,* 99 Ark. 137.

The decree is therefore affirmed.