ROBERTSON *v.* JOHNSON.

Opinion delivered June 12, 1916.

1. TAXES—ATTEMPTED PAYMENT—CLERICAL ERROR—RELIEF.—An attempt to pay taxes, made in good faith by the land owner or his agent, and frustrated by the mistake, negligence or other fault on the part of the collector renders the subsequent sale of the land for the non-payment of taxes, void.

2. TAXES—CLERICAL ERROR—NON-PAYMENT OF PENALTY.—A land owner attempted to pay his taxes upon certain land, and by an error in the

collector's office, received a receipt upon another tract. A penalty was due at the time, which the collector did not assess. *Held,* the errors of the collector would operate to make a subsequent sale of the land for taxes, void.

Appeal from Mississippi Chancery Court, Chickasawba District; *Chas. D. Frierson,* Chancellor; affirmed.

*W. D. Gravette,* for appellant.

1. Johnson did not pay the taxes, penalty and cost on the land in question for the year 1911 to the collector or his deputy. Acts 1909, No. 262; 93 Ark. 400; 35 *Id.* 509. The failure to pay was the party's own neglect; it is not shown that the error was that of the collector. 35 Ark. 508; 70 *Id.* 500; 92 *Id.* 630; 99 *Id.* 139; 105 *Id.* 40; 114 *Id.* 551. No penalty was paid, although the land was delinquent more than thirty days. 62 Ark. 188.

2. Johnson is barred by laches and negligence. 93 Ark. 490; 33 *Id.* 161; 36 *Id.* 532; 114 *Id.* 551; 105 *Id.* 40.

3. A purchaser at a judicial sale acquires vested rights. 65 Ark. 152; 66 *Id.* 493; 86 *Id.* 253.

4. The mistake of the party who wrote the receipt was not the mistake of the collector, but the negligence of Johnson.

*P. A. Lasley* and *S. J. Gee,* of Illinois, for appellee.

1. When the owner of land applies in good faith to the proper officer to pay taxes on his land, but payment is prevented by the mistake, negligence or other fault of the collector, a subsequent sale of the land for non-payment of taxes is void. 53 Wash. 483; 151 U. S. 545; 23 Ark. 375; 70 *Id.* 500; 92 *Id.* 630; 35 *Id.* 505; 99 *Id.* 137; 115 Ill. 218; 81 Pa. St. 336; 57 *Id.* 40; 28 Ore. 322; 42 Pac. 130. In such cases the purchaser takes no title.

2. Johnson was constructively served and this suit was filed within time. Kirby's Digest, § 6259; Acts 1909, p. 783; 83 Ark. 534.

3. There is no such thing as an innocent purchaser of tax titles. 249 Ill. 82; 125 *Id.* 447.

4. Johnson had a right to presume the collector would do his duty. Cooley on Tax., § § 532, 540; 100 Ill.

215. There were no laches or negligence by Johnson as the court found.

HART, J. This action was instituted in the chancery court by appellee against appellants under section one of Act 262 of the Acts of 1909. The object of the suit was to vacate and set aside a decree ordering the land sold for the non-payment of levee taxes upon the ground that the owner had paid the taxes on the land for the year for which it was sold. The material facts are as follows:

The appellee, D. F. Johnson, a resident of the State of Illinois, in December, 1906, purchased for the sum of $2,400, the north half of the northeast quarter of section 19, township 15, north, of range 11 east, containing eighty acres, in Mississippi County, Arkansas. He at once went into possession of the land through his tenants and is still in possession of it.

J. B. Fields, a resident of Mississippi County, was his agent and paid taxes on the land for him. On Nov. 15, 1911, Fields went to the office of the collector and notified the person in charge of the office that he wished to pay the levee taxes on Johnson's land in section 19 and the person in charge of the office gave him a receipt on the regular printed form used by the collector, but in it, by mistake, described the land as the south half instead of the north half of the section. Fields paid to the person in charge of the office the amount of taxes which he stated was due on the land. Johnson had no other land in said section 19 or in Mississippi County. Fields testified that he told the person in charge of the collector's office that he wanted to pay the levee taxes on his own land and on that of Mr. Johnson and that he doesn't think he told him the numbers of the land, but is positive he told the particular section the land was in.

The collector and his deputy both testified that the receipt was not in their handwriting, but they stated that the receipt was on the regular printed form used by them in collecting levee taxes and that sometimes they

left other parties in charge of the office with authority to issue receipts and collect the levee taxes. The lands of Johnson were returned as delinquent and proceedings were had under the statute to collect the taxes by suit.

R. A. Nelson became the purchaser at the sale and subsequently a deed, properly acknowledged by the commissioner, appointed to sell the land under the decree, was executed and presented to the chancellor, who examined and approved the same. The deed from the commissioner to the tax purchaser was duly recorded. Subsequently Nelson sold the land to J. T. Robertson. Robertson paid part of the purchase money in cash and gave his note for a part of it. Nelson transferred the note to J. F. Wilhite. Johnson instituted this action in the chancery court within three years after the rendition of the final decree in the suit to collect the delinquent taxes against his land and Robertson, Nelson and Wilhite are all made parties to the action. Nelson executed a warranty deed to Robertson for the land.

The chancellor found that Nelson was financially able to carry out his warranty contained in his deed and was also of the opinion that the sale for the non-payment of taxes made by the commissioner should be set aside because the taxes had been paid by the agent of Johnson. A decree was therefore entered cancelling the tax sale and divesting out of the defendants any interest in the land and vesting the title thereto in the plaintiff. It was also decreed that the plaintiff pay the costs of the action and reimburse Nelson the amount of the purchase price paid by him for the land together with six per cent. interest thereon from the date of the purchase. The defendants have appealed.

(1) It is the settled rule in this State that an attempt to pay taxes made in good faith by the land owner or his agent, and frustrated by the mistake, negligence or other fault on the part of the collector renders the subsequent sale of the land for the non-payment of taxes void. *Hickman* v. *Kempner*, 35 Ark. 505; *Gunn* v. *Thompson*, 70 Ark. 500; *Scroggin* v. *Ridling*, 92 Ark.

630; *Knauff* v. *National Cooperage & Woodenware Co.*, 99 Ark. 137.

It is insisted by counsel for the defendants that in the first place the payment was not made to the collector or his deputy. The payment was made by the duly authorized agent of Johnson. He went to the collector's office and paid the taxes to the person left in charge of the tax books and received a receipt on the regular printed form used by the collector. While the collector and his deputy testified that the receipt was not in their handwriting they admitted that at times they left another person in charge of the office with the power to collect taxes and issue receipts therefor. Under these circumstances we think the payment was made to the collector.

(2) It is next insisted that the payment having been made on November 15, the collector could not receive the taxes without the penalty and that no penalty having been paid by the plaintiff, that there could be no valid payment of the taxes. It is true that under Act 262 of the Acts of 1909 (Acts of 1909, 783), the collector is required to proceed to collect the assessments on the first Monday of October in each year, and if said assessments are not paid within thirty days a penalty of 25 per cent. shall at once attach for such delinquency. While the thirty days had expired on November 15, and the penalty had attached, still the collector was authorized to receive the taxes. The tax books properly made out and duly certified to the collector constituted his warrant for the collection of taxes. The collector was the legal custodian of the tax books which contained a correct description of all the lands in his county and the amount of taxes assessed against them. The collector is supposed to familiarize himself with the numbers and descriptions of the lands in his county. It is his duty to inform the land owner of the amount of taxes and penalty against his land and it is not right for an error or mistake on the part of the collector in this respect to aid in depriving the owner of his land. Here the land

owner by his agent went to the office of the tax collector and offered to pay him all the taxes assessed against his land. He told the person in charge of the office and of the tax books the section in which the land was situated. The lands were assessed in the name of the owner and the tax books showed this fact. He paid the amount demanded and by mistake of the collector, the amount was credited to an adjoining tract. The land owner did all that was required of him. He made a bona fide attempt to pay all the taxes assessed against his land and his acts under the circumstances should stand as the equivalent of actual payment. This is in application of the principle decided in our own cases cited above and of the almost universal rule which substitutes a tender for performance, when the tender is frustrated by the act of the party entitled to performance. It was the official duty of the person in charge of the collector's office to have stated to Fields, who applied on behalf of Johnson, in good faith, to pay all the taxes on the land, the entire amount of all the taxes and penalty against it. The failure of Johnson under these circumstances to pay the penalty was not his fault, but its non-payment was owing to the mistake or failure of the collector to perform his duty. For these reasons we hold that the plaintiff was entitled to the relief granted him by the chancellor. See *Bray & Choate Land Co.* v. *Newman* (Wis.) 65 N. W. 494; *Laird* v. *Hiester*, 24 Pa. St. 452. The law and equities are all with the plaintiff, and the decree will be affirmed.