4-4823

Opinion delivered November 29, 1937.

*W. F. Reeves,* for appellant.

*H. V. Young,* for appellee.

SMITH, J.   This appeal involves the validity of the sale of a sixty-acre tract of land in Marion county for the nonpayment of the general taxes due thereon for the year 1932.   The suit was pending when act 142 of the Acts of 1935 was repealed.   This was an act to cure irregularities and informalities and omissions in tax sales. The validity of the sale must, therefore, be determined as if that act were still in force and effect.   *Carle* v. *Gehl,* 193 Ark. 1061, 104 S. W. (2d) 445.   From a decree holding the sale bad is this appeal.

It is insisted that the sale was void for two reasons: (a) that the sale was made on a day not authorized by law, and (b) the county court clerk had failed to attach his warrant to the tax book directing the collector to collect the taxes thereon extended, as required by § 13763, Pope's Digest.

It is not questioned that the sale of the land was actually made on the day provided by law. The insistence is that the land was first sold to the state, and, on a later date, the tax sale records were changed to show that the sale had been made to appellant. The county clerk testified that the practice in that county was not uncommon, where land had been struck off to the state, to permit an individual, at a later date and before he had made up his tax records, which was usually done within from two or three days and not exceeding two or three weeks after the tax sale, to become the purchaser by substituting his name as purchaser instead of the state. As tending to show that this had occurred as to the tract of land here in question, testimony was offered to the effect that the word "state" had been written opposite this tract and erased and the name of appellant written. Opposed to this evidence was that of appellant, who testified that he attended the tax sale, which continued only for one day, and that he bought the land in question on the day of the sale. Without further considering this question of fact it may be said that permitting the substitution of the name of appellant as the purchaser, if, indeed, it was done, was an irregularity which would be cured by the provisions of act 142 of the Acts of 1935, *supra*.

The failure of the county clerk to attach his warrant to the tax books is an omission which would ordinarily be fatal to the validity of a tax sale. In the recent case of *Wildman* v. *Enfield,* 174 Ark. 1005, 298 S. W. 196, it was held that the failure of the county clerk to attach to the tax book a warrant authorizing the collector to collect taxes extended thereon invalidated the tax sale, and that the omission was not cured by the provisions of (§ 10119, Crawford & Moses' Digest) § 13883, Pope's Digest. The sale there held void had not been confirmed

under act 296 of the Acts of 1929, which act authorized the state to confirm sales to it for nonpayment of taxes, as had the sale involved in the case of *Kirk* v. *Ellis,* 192 Ark. 587, 93 S. W. (2d) 139, and the opinion in the case of *Wildman* v. *Enfield,* was rendered prior to the passage of act 142 of the Acts of 1935. This act 142 was a curative act, and its purposes and effect was fully stated in the case of *Carle* v. *Gehl, supra,* and will not be here repeated. It operated to cure substantially the same defects as did a confirmation decree under the confirmation act No. 296 of the Acts of 1929. Neither professed to cure sales where the power to sell was nonexistent. Both cured sales, in cases where they were applicable, against all mere irregularities and informalities and omissions in tax sales.

The case of *Kirk* v. *Ellis, supra,* recited, as a ground of attack upon the sale there questioned, the failure, in that case, as in this, of the clerk to attach his warrant to the tax book. It was there held that "the matters relied on to invalidate the sale to the state are nothing more than irregularities and informalities, which are cured by confirmation, although fatal prior thereto." The case of *Deaner* v. *Gwaltney, ante* p. 332, 108 S. W. (2d) 600, is to the same effect.

The sale is alleged to be void because of the attempt of appellee, made in good faith, to redeem the land from the sale at a time when the right to do so had not expired. The testimony upon that issue is to the following effect. Harve Keeter, as a stockholder of appellee, the Southern Corporation, testified that he went to the county clerk's office to redeem the land, and that he gave the clerk a slip of paper showing the deed records and the pages thereof where two deeds were recorded, from an examination of which descriptions of the land sought to be redeemed could be obtained. One deed described a sixty-acre tract, the other a thirty-acre tract. The clerk prepared a redemption certificate which properly described the thirty-acre tract, but did not include the sixty-acre tract. Witness did not examine the redemption certificate prepared by the clerk, as the land which he sought to redeem was all the land owned by the Southern

Corporation, which was also known as the Stinchcomb land, of which the land known as the Mattie May Mine land was a part. Had the clerk examined the deed records he would have found, in the two deeds, a correct description of both the thirty-acre and the sixty-acre tracts.

The county clerk testified that he had no recollection of having been given the "slip of paper," with the request that he make a search of the deed records. The recollection of the clerk was that appellee applied to redeem the Mattie May Mine property, known as the Stinchcomb land, and that "the tax record shows the thirty acres is in the Stinchcomb land."

The clerk further testified that the sixty-acre tract was assessed in the name of "The Ozark Mining & Milling Company," and that he had no knowledge or information that the Ozark Mining & Milling Company had any interest in any of the Mattie May Mine property, and that "my information was that the Stinchcomb and Mattie May land was the same, and that the thirty acres was all there was embraced in it until after the period of redemption had passed."

Upon these facts it is insisted that the redemption was in fact effected, and the case of *Forehand* v. *Higbee*, 133 Ark. 191, 202 S. W. 29, is cited to support that contention. We do not concur in that view.

In that case the county clerk issued a redemption certificate properly describing the land sought to be redeemed. The clerk, in making this certificate of redemption, did not embrace in it the full amount of penalty required by the statute, so that the owner lacked $6 of paying the full amount of the penalty due. In other respects, the redemption was regular and conformed to the requirements of applicable statutes. The contention was made that the failure of the clerk to include the proper amount of the penalty rendered the redemption ineffective. That contention was not sustained. On the contrary, it was held that the taxpayer who made an attempt, in good faith, to pay his taxes, or to redeem his land after failure to do so, was not to be defeated in that attempt by the mistake, negligence or other fault on

the part of the public officers in the discharge of their official duties. Here, there was no error of the clerk in computing the amount necessary to redeem the land. The error, if any, in the redemption certificate was that it did not include all the Stinchcomb or Mattie May Mine land; but this omission was as obvious to the owner as it was to the clerk. Indeed, more so, for the clerk testified that the redemption certificate included all the land which he thought the owner wished to redeem, and did, in fact, embrace all the land assessed to appellee. The clerk, according to his testimony, was guilty of no neglect of his official duties. Keeter did not testify that he was unaware of the fact that the redemption certificate did not include all the land which he wished to redeem. He did testify that he had furnished the clerk a slip of paper containing references to deeds showing the lands sought to be redeemed, of which the clerk had no recollection, but Keeter had been given a redemption certificate correctly describing only thirty acres of the land, the slightest examination of which would have disclosed the omission of the sixty-acre tract. We think the clerk should not be charged with this omission as a neglect of his official duty. The fault was that of Keeter, rather than that of the clerk. In the Forehand case, *supra,* the landowner had the right to rely upon the accuracy of the redemption certificate, but not so here. In the Forehand case, it was said that the taxpayer was authorized to believe the certificate was correct, and that ordinary care and prudence did not require him to examine the certificate for mistakes. Here, there was no mistake in the certificate issued; on the contrary, it was a correct and sufficient description of all the land which it described, and we think the court was in error in holding the clerk responsible as having neglected or as having improperly discharged his official duty.

The decree is, therefore, reversed, and the cause remanded with directions to dismiss the suit to redeem as being without equity.