KITCHENS v. MACHEN.

4-8037                                    198 S. W. 2d 833

Opinion delivered January 13, 1947.

*W. H. Kitchens, Jr.,* for appellant.

*Jack Machen,* for appellee.

GRIFFIN SMITH, Chief Justice. By complaint filed in May 1944 the State sought to confirm title to forty acres certified from Columbia County February 28, 1944, sale having been in November 1941 for 1940 taxes. Machen and others as coowners intervened. They alleged (a) that the Collector failed to give legal notice in respect of the sale; (b) the Collector did not attend "at the place of holding elections in the Township wherein said lands are located, for the purpose of making collections; and (c) that Machen applied to the Clerk for a certificate of redemption in October 1942 and tendered the amount required, but the Clerk erroneously certified that $18.98 was the sum necessary for redemption.

Relying, as he says, upon the Clerk's acts, and not having checked the records, Machen paid to the Treasurer the amount he thought was sufficient to effectuate a complete redemption; hence, say appellees, the 1940 forfeiture should be cancelled, and upon payment of all delinquencies title should be quieted in the interveners insofar as the transactions in question are involved.

It is also insisted that the Land Commissioner sold without advertising for bids—the property having been classified by the Land Use Committee as suitable for agricultural purposes. Act 331 of 1939. Value was fixed by the appraiser at $5 an acre.

Machen testified that after acquiring a half interest he applied to the Clerk for a redemption certificate. The land had forfeited in 1938; or, as the witness stated in open Court, "It forfeited in 1938 and in 1939 and again in 1940".[1] Insistence is that Machen relied upon the certificate to show what was due; or, in other words, since he sought to redeem, error he thinks the Clerk made should not be permitted to destroy his rights as they existed at that time.

There are two certificates in the record, printed on paper 8½ x 14 inches in size, with the Treasurer's receipt as a part of the form. Each is dated October 14, 1942,

---

[1] The land forfeited "unknown" as to ownership and was purchased by Lottie A. Davis. This must have been for the delinquency of 1938.

and they are alike with this exception: the first forfeiture is for 1938 taxes, while the second includes both 1938 and 1939. However, they are identical in that, following the dates given with the description, it is shown that assessments were for 1938 and 1939. After the first recital it is again stated (in typed figures) that " . . . the taxes for said year[s] 1938 and 1939 were as follows . . . "

When the land was bought by Lottie Davis it became subject to taxation, with the result that in 1940 there was an assessment, and when payment was not made in 1941 the Collector again sold, and the State became purchaser.

When it is considered that appellees did not intervene until September 1945, a question naturally arises as to relative negligence of owners upon the one hand and the Clerk upon the other. The Clerk's deed to the State was recorded in February 1944, and the State's deed to appellant October 10th of the same year. Although, as we have mentioned, the confirmation suit was filed May 1, 1944, appellees did not intervene until September 19, 1945. In the meantime, as presumptive owners, Machen and others knew that assessments for subsequent years had not been paid. The most casual investigation would have shown that 1940 taxes were delinquent. A mere reference to the redemption certificate held by the owners was sufficient.

There are cases holding that an attempt to pay taxes, made in good faith by owner or agent, and "frustrated by the act of the party entitled to perform", or through negligence of the official whose duty it is to render the service, entitles such person to do at a later date what he honestly thought was being done when the misleading official conduct occurred. See *Robertson v. Johnson,* 124 Ark. 405, 187 S. W. 439. There the landowner's agent attempted to pay levee taxes on the only realty owned by Johnson in Section 19. By mistake receipt was for payment on the south half instead of the north half. Analogous is *Forehand v. Higbee,* 133 Ark. 191, 202 S. W. 29. In that case the redemption

certificate properly described the land, but through error the Clerk failed to include a cost item of $6.[2]

Alleged carelessness of the Clerk was compared with negligence of the taxpayer's agent in *Gilley* v. *Southern Corporation*, 194 Ark. 1134, 110 S. W. 2d 509. The error complained of, says the opinion, was as obvious to Keeter (acting for Southern Corporation) as it was to the Clerk. The opinion says: "Keeter had been given a redemption certificate correctly describing only thirty acres of the land, the slightest examination of which would have disclosed the omission of the sixty-acre tract: . . . There was no mistake in the certificate issued; on the contrary, it was a correct and sufficient description of all the land which it described".

That is so in the case at bar. Of course Machen in testifying February 4, 1946—nearly four years after the certificate was procured—thought that he had applied to redeem, and he no doubt sincerely credits the Clerk with misunderstanding what he said, or with careless conduct. But the Clerk handed him typewritten and printed evidence of what took place. Not only that, but Machen went to the Treasurer's office and completed the redemption—redemption for the years the certificate authorized: 1938 and 1939. The records were available to this appellee; the transaction was open, obvious, and without deceit. In these circumstances it should not be held, as a matter of law, that the right to redeem for an additional year is an equitable phase of the conversation as Machen remembers it.

It is not contended that the Clerk or Treasurer, in executing the incomplete redemption, misled appellee Machen by any incorrect statement as to content or effect of the certificate, and the applicant was not ignorant of what is required for effectual redemption of delinquent property.

[2] Other cases cited by appellees are *Kinsworthy et al.* v. *Austin*, 23 Ark. 375; *Scroggin* v. *Ridling*, 92 Ark. 630, 121 S. W. 1053; *Gunn* v. *Thompson*, 70 Ark. 500, 69 S. W. 261; *Fleischer* v. *Wappanocca Outing Club*, 118 Ark. 287, 176 S. W. 312; *Gilley* v. *Southern Corporation*, 194 Ark. 1134, 110 S. W. 2d 509.

Allegations (a) and (b) have apparently been abandoned. What has been said disposes of the payment for 1938 and 1939, and the contention that 1940 taxes were to have been included.

Appellees insist that this Court "correctly stated the law" in *Plant* v. *Sanders*, citing 209 Ark. 108, 189 S. W. 2d 720. The quotation cited relates to effect of a sale made without appraisement by the Land Use Committee. On rehearing the opinion from which the excerpt is taken was withdrawn and another substituted where it was held that pending appraisal by the Committee the Land Commissioner was authorized to sell under Act 129 of 1929. This is an instance where the petition for a rehearing *was not* overruled.

In the case we are now considering evidence is sufficient to show that there was an appraisement; also that sale was made from entries on public records of the Land Commissioner's office, and to the highest bidder—Kitchens' offer having been the only one received, although the records were available to any interested person. Act 331 of 1939 does not designate the method of sale other than that appraised land shall go to the highest bidder. We are not authorized to supply what to us may appear to be deficiencies of detail.

The decree is reversed. The cause is remanded with directions to set aside the order cancelling the State's deed to appellant.