PINKERT *v.* CLARK.

5-3566                                          389 S. W. 2d 427

Opinion Delivered April 26, 1965.

*Frank H. Cox,* for appellant.

*Wayne Foster,* for appellee.

ED. F. McFADDIN, Associate Justice. This is an effort by appellants to have a tax sale declared invalid. Prior to 1948 appellants, Pinkert and Schuman, were the owners of Lot 6, Block 8, Plateau Addition to Little Rock. The 1948 State and County taxes were not paid on the lot; it was certified to the State; the forfeiture, sale and certification were confirmed by a chancery suit under the provisions of Ark. Stat. Ann. § 84-1315 *et seq.* (Repl. 1960); and on January 2, 1952, the State Land Commissioner conveyed the lot to appellee, Willa Mae Clark.

On November 9, 1956 the appellants filed this suit to have the deed of the appellee cancelled and appellants' title restored. They offered to pay the appellee all taxes, penalties, and costs incurred by her. The appellants claim that they had seasonably offered to pay the 1948 taxes and had been informed by the tax collecting authorities that no taxes were due. After hearing the evidence *ore tenus* the Chancery Court denied the prayed relief and this appeal resulted.

We have a number of cases declaring the applicable law. One such case is *Schuman* v. *Person,* 216 Ark. 732, 227 S.W. 2d 160, wherein Mr. Justice Millwee, writing for a unanimous Court, reviewed a number of earlier cases and said:

"Justice Hart, speaking for the court in *Robertson* v. *Johnson,* 124 Ark. 405, 187 S.W. 439, said: 'It is the settled rule in this State that an attempt to pay taxes made in good faith by the landowner or his agent, and frustrated by the mistake, negligence or other fault on the part of the collector, renders the subsequent sale of the land for the non-payment of taxes void. *Hickman* v. *Kempner,* 35 Ark. 505; *Gunn* v. *Thompson,* 70 Ark. 500, 69 S.W. 261; *Scroggin* v. *Ridling,* 92 Ark. 630, 121 S.W. 1053; *Knauff* v. *National Cooperage & Woodenware Co.,* 99 Ark. 137, 137 S.W. 823.' The same principle has been applied in *Kinsworthy* v. *Austin,* 23 Ark. 375; *Fleisher* v. *Wappanocca Outing Club,* 118 Ark. 287, 176 S.W. 312; *Forehand* v. *Higbee,* 133 Ark. 191, 202 S.W. 29; and *Mixon* v. *Bell,* 190 Ark. 903, 82 S.W. 2d 33."

Some of our later cases to the same effect are *Schuman* v. *Lunnie,* 219 Ark. 645, 243 S.W. 2d 937; and *Brown* v. *Bridges,* 227 Ark. 1006, 304 S.W. 2d 939.

There is no uncertainty about the law. In the case at bar the difficulty arises because of the paucity and uncertainty of the testimony offered by the one witness who testified for appellants. He was one of the parties and the testimony of a party is never considered as uncontradicted. *Gingles* v. *Rogers,* 206 Ark. 915, 175 S.W. 2d 192; *Lynch* v. *East Ark. Co.,* 193 Ark. 1004, 104 S.W. 2d 205; *Zorub* v. *Mo. Pac. Co.,* 182 Ark. 232, 31 S.W. 2d 421; and *Ford* v. *Wilson,* 172 Ark. 335, 288 S.W. 712.

The Chancellor saw the witness testify and observed his demeanor, and could thus evaluate whether in 1964 the witness could remember every detail of a transaction in 1949. The Chancellor evidently concluded that the testimony of a party as to events 15 years previous should be supported by more than mere memory. From an examination of the words on the typewritten page we do not feel free to substitute our views for those of the Chancellor.

Affirmed.