F. S. MONK and KEDA DEVELOPMENT, INC. *v.*
William E. MERRITT, Lenora E. ROBERSON, James I.
MERRITT, Elmyra M. RHODES, Lucille M. CLAY and
J. Frank MERRITT

CA 82-339                                         648 S.W.2d 826

Court of Appeals of Arkansas
Opinion delivered April 6, 1983

*Baim, Baim, Gunti, Mouser & Bryant,* by: *Judith A. DeSimone,* for appellants.

*Eilbott, Smith, Eilbott & Humphries,* by: *Zachary Taylor,* for appellees.

TOM GLAZE, Judge. In this case, the chancery judge granted appellees' request to set aside appellants' tax deed to a lot located in Pine Bluff, Arkansas. In doing so, the judge found that the preponderance of the evidence showed that the appellees' failure to pay taxes on the lot was caused by the mistake, negligence or other fault of the tax collector's office. On appeal, appellants contend that there is no evidence to support the judge's finding, and that appellees were undeserving of Equity's favor or equitable redemption. We affirm the trial judge's decision.

Appellant's brief contains an excellent discussion of the applicable law to the issue presented in this appeal. We

believe a review of that law is necessary before turning to the facts which gave rise to this controversy. By statute, a two-year period is established within which a person can test the valdity of the proceedings wherein lands are sold for delinquent tax payments. Ark. Stat. Ann. §84-1118 (Repl. 1980). However, Arkansas case law has permitted a land-owner to assert a "meritorious defense" to such tax proceed-ings outside the statutory limitation period. *Taylor v. Van Meter,* 53 Ark. 204 (1890). Accordingly, the Supreme Court has held that where a taxpayer makes an attempt in good faith to pay his taxes, but is prevented by mistake, negligence or other fault on the part of a tax collector, a meritorious defense exists. *Scroggin v. Ridling,* 92 Ark. 630, 121 S.W. 1053 (1909); *Gunn v. Thompson,* 70 Ark. 500, 69 S.W. 261 (1902). Also, in *Robertson v. Johnson,* 124 Ark. 405, 187 S.W. 439 (1916), the Supreme Court held that where a landowner is found to have done all that was required of him, and to have made a bona fide attempt to pay all of the taxes assessed against his land, his acts are deemed to stand as the equivalent of actual payment.

In their argument, appellants rely heavily on the cases of *Gilley v. Southern Corp.,* 194 Ark. 1134, 110 S.W.2d 509 (1937), and *Kitchens v. Machen,* 210 Ark. 1046, 198 S.W.2d 833 (1947). In comparing the facts in those two cases with the facts at bar, they submit that in all three cases the landowners failed to do all that was required of them and did not make good faith efforts to pay the taxes on their property. The Supreme Court in both *Gilley* and *Kitchens* held the evidence insufficient to set aside the purchasers' tax deeds; appellants urge us to hold the same here.

The evidence presented below is relatively undisputed. William D. Merritt owned two adjacent lots on Miramar; one had a house on it and the other was vacant. He also owned a thirty-acre timber tract on Sulphur Springs Road. The Miramar lots were purchased separately, but in 1950 Mr. Merritt had one abstract done on both. The tax call for the Miramar property was Call No. 15006.

After W. D. Merritt died, the Miramar lots and thirty-acre tract were still assessed in his name. Later, in 1976, his

widow decided to convey the Miramar properties to her six children (appellees). Family members took the abstract and legal descirption of the lots to an attorney for him to prepare the deed of conveyance, but the attorney's secretary who typed the deed omitted the legal description of the vacant lot. Thus, Ms. Merritt conveyed to her children only the Miramar lot with the house. Consequently, the vacant lot and thirty-acre tract remained under Tax Call No. 15006 to be assessed in the name of the deceased, W. D. Merritt. However, the lot with the house was subsequently placed in Tax Call No. 15006-1 by the assessor and assessed under the name William E. Merritt, et al.

In 1976, appellee Elmyra Rhodes began paying the property taxes for the family. She called the collector's office and asked for the amount of taxes owed on the Merritt property on Miramar and at Sulphur Springs. Ms. Rhodes was given only the taxes due on the vacant lot and thirty-acre tract in Call No. 15006. Thus, she never paid the taxes owed on the lot and house in Call No. 15006-1 (W. E. Merritt, et al). She also was given her mother's personal property taxes. Appellant, F. S. Monk, subsequently paid the delinquent taxes on the lot with the house and later deeded it to appellant, Keda Development, Inc.

Appellees filed suit, alleging that they were entitled to redeem the land under an equitable right of redemption, and the chancellor agreed. In so holding, the judge said:

> It would have been a simple matter for the deputies, in response to the question of the amount of taxes owed on the Merritt property on Miramar, to have indicated that there were two Merritts on Miramar. At that point, inquiry would have discovered the problem. Perhaps, some other response would have been appropriate, such as, "Which Merritt do you mean?" However, with the way that the question was put, and the response that was given, the plaintiffs had every reason to act under the impression that they had done all they were required to do when they sent in a check in the amount of taxes given them. Neither the fact that they did not check the receipts received against their earlier receipts,

nor the fact that Mrs. Rhodes took the description from an old receipt and attached it to the check when she mailed the check in, would prevail over the original misunderstanding as to the property covered by the request. It appears to the Court, by a preponderance of the evidence (*Schuman* v. *Persons, supra*), that the equities favor the plaintiff.

We are unable to say that the chancellor's findings are against the preponderance of the evidence. It is undisputed that Ms. Rhodes called the collector's office and asked for the taxes due on the Merritt property on Miramar. There were two such properties, in the names of W. D. Merritt and W. E. Merritt, et al. Yet for three years the deputy collector failed to mention the one that eventually went delinquent. The deputy's oversight clearly prevented Ms. Rhodes' payment of taxes. The chancellor also found that Ms. Rhodes made a bona fide attempt to pay taxes and would have done so except for the collector's oversight. The evidence, we believe, clearly supports the chancellor's finding on this point.

As noted earlier, appellants cite *Gilley* v. *Southern Corp.* and *Kitchens* v. *Machen, supra,* and argue that these decisions require the court to compare the relative negligence of the landowners against that of the collector. In making such an argument, appellants refute any oversight or negligence on the collector's part and instead, they enumerate ways in which they claim appellees were negligent, *viz.,* appellees did not (1) check their tax receipts; (2) check their deed's legal description, (3) note a reduction in their assessment, or (4) go personally to the collector's office.

First, there is a marked difference between the facts reviewed in *Gilley* and those which we have before us. Significantly, the clerk who allegedly erred in omitting a sixty-acre tract owned by the landowner from his redemption certificate testified in the *Gilley* case. His own account of what happened was that he included all the land the owner wished to redeem and did not recall the owner's furnishing him with deed references to he could obtain the correct legal descriptions involved. In sum, the clerk denied any negligence; the court agreed and found the fault was the landowner's. *See Schuman* v. *Person,* 216 Ark. 732, 735, 227

S.W.2d 160, 162 (1950). Next, in *Kitchens,* there is no indication that the clerk testified, but the court placed the fault on the landowner, because, among other things, (1) he knew the assessments had not been paid, (2) he was knowledgeable of the legal requirements to effectuate the redemption of delinquent property and (3) although he knew the requirements, he failed to check the record available to him or to inspect his certificate of redemption to determine if it was correct.[1]

The law is well-established regarding when a land-owner can assert a meritorious defense in his attempt to set aside a tax deed after the two-year statutory period has run. The difficulty comes in the application of that law to the facts in each case. All of the cases cited by the appellants and appellees are factually distinguishable from the instant case, and therefore none, on its facts, can be said to control our decision here. Accordingly, our review of this case is limited to whether the evidence sufficiently supports the chancellor's findings that appellees made a good faith attempt to pay their property taxes but were prevented from doing so because of the mistake, negligence or fault of the collector.

We have already noted our reasons for affirming the chancellor's finding that the collector's oversight induced the appellees' misapprehension that they had paid their taxes. The chancellor was also in a position to hear and consider appellees' testimony on why they proceeded in the manner they did. For instance, Ms. Rhodes had never paid property taxes before; she had no reason to believe that the appellees' attorney had not properly prepared the deed; and she believed the taxes decreased because her mother's personal property taxes stopped after her mother died. After hearing and weighing all the evidence, the chancellor decided the equities favored the appellees and not the appellants. Even though we may have ruled otherwise on these same facts, we do not believe the chancellor's decision is clearly erroneous.

Affirmed.

[1]Although it is not specifically mentioned in the text of the Court's opinion, the case headnote reflects the landowner was an attorney — which is a factor the court probably considered when deciding who was at fault.