ANNIE LEE VANDERBILT ET AL *v.* ELLA WASHINGTON

5-5447                                    463 S. W. 2d 670

Opinion delivered February 15, 1971

[Rehearing denied March 22, 1971.]

*George Howard, Jr.,* for appellants.

*Coleman, Gantt, Ramsay & Cox* and *Charles S. Goldberger,* for appellee.

CONLEY BYRD, Justice. Involved on this appeal is the sufficiency of a tender to the sheriff and collector of Jefferson County to redeem lands from a tax sale.

Ella Withers was the owner of the land here involved when the 1963 taxes became delinquent. Joe Wallace bought the land at the tax forfeiture sale held on November 16, 1964 for $33.34. The general taxes

for 1964 were paid on March 4, 1965, by Wallace in the amount of $31.60. On April 13, 1966, before the 1965 general taxes became delinquent, Ella Washington, at the request of Ella Withers, wrote to the Sheriff and Collector as follows:

"Dear Sirs:

"Enclosed is a check for $100.00. It is to be applied toward taxes on the property of Ella Withers, Altheimer 4 & 5 22 City 311. 11—Highland Add. to Altheimer 3 22 City 310. Since I do not have the specific amounts of the taxes due, I would greatly appreciate your applying this payment on them from the delinquent ones to the present in that order. If there is a balance on the bill, I would appreciate your sending me the balance. I am making the money order payable to both you and Mr. Mead so that the money can be distributed properly with out having to send portions back to me. Thank you for your service.

"Yours truly,

"Ella J. Washington
3409 No. Tenth Street
Milwaukee, Wisc.
(for Ella Withers of same address)"

It is not disputed that $74.39 would have redeemed the 1963 tax forfeiture at that time. However, the sheriff and collector in response to Ella Withers' letter replied:

"Mrs. Withers:

"We wrote you about a month ago to send us the balance of your check in the amount of $100.00. Since that time the Sewer tax has gone delinquent for 1965. We are going ahead and collect that amount to keep you from having to pay a penalty on it. That leaves a balance of $52.20 which we are going to hold till we hear from you. You still owe general tax for 1963, 1964 and 1965 and the

1964 sewer tax. In the amount of $165.79. Please send us the balance due of $113.59 by June 15, 1966 as the interest is good until then. Please take care of this matter.

"Make check in the amount of $113.59 Payable to: Harold Norton—Sheriff and Collector."

Joe Wallace received his tax deed from the county clerk on December 1, 1966, and on August 3, 1967, entered into a contract to execute a quitclaim deed to Annie Lee Vanderbilt upon the payment of $1,850 ($400 down and the balance in monthly payments of $30 each). Vanderbilt was in possession of the premises at the time as a tenant of Withers.

Ella Withers executed a quitclaim deed to Ella Washington on March 15, 1967, and the present suit was filed on December 1, 1967.

As the trial court pointed out in his written opinion:

". . . The law in Arkansas is rather clear that where a taxpayer makes an attempt in good faith to pay his taxes and is prevented by the mistake, negligence or other fault on the part of the Collector, the sale of his land for nonpayment of taxes is void. See *Scroggin* v. *Ridling,* 92 Ark. 630, 121 S. W. 1053 (1909); *Robertson* v. *Johnson,* 124 Ark. 405, 187 S. W. 439 (1916); *Forehand* v. *Higbee,* 133 Ark. 191, 202 S. W. 29 (1941).

"The same general rule applies where a taxpayer makes an attempt in good faith to redeem his property from a tax sale, provided, the taxpayer meets all of the requirements of the statute granting said right. *Botts* v. *Stephen,* 203 Ark. 1031, 160 S. W. 2d 198 (1923); and *Gamble* v. *Phillips,* 107 Ark. 561, 156 S. W. 177 (1913). Also, redemption statutes should be construed liberally in favor of the taxpayer. See *Killian* v. *Lincoln National Life Insurance Company,* 201 Ark. 1137, 148 S. W. 2d 1085 (1941), and *Wyatt* v. *Beard,* 179 Ark. 305, 15 S. W. 2d 990 (1929).

"The Arkansas rule appears to be that a tender of delinquent taxes amounts to actual performance and that, even though the public official fails in his duty in some particular, nevertheless, the redemption is effective with the date of tender even though the records in the office of the Collector of Taxes may not reflect a redemption. In the case of *Robertson v. Johnson,* 124 Ark. 405, 187 S. W. 439 (1916), the owner offered to pay all of the taxes assessed against his land. He told the person in charge of the office and of the tax books the section in which the land was situated. The land was assessed in the name of the owner and the tax books showed this fact. He paid the amount demanded and by mistake of the Collector, the amount was credited to an adjoining tract. The Supreme Court stated: 'The landowner did all that was required of him. He made a bona fide attempt to pay all the taxes assessed against his land and his acts under the circumstances should stand as the equivalent of actual payment. *This is in application of the principle decided in our own cases cited above and of the almost universal rule which substitutes a tender for performance, when the tender is frustrated by the act of the party entitled to performance.*' (Emphasis added)"

Vanderbilt here argues that the tender to the sheriff and collector was ineffective to constitute a redemption because the tender must be made to the county clerk as required by Ark. Stat. Ann. § 84-1201 (Supp. 1969), § 84-1204 and § 84-1206 (Repl. 1960). We find no merit in this contention because Jefferson County has been operating under the Unit Tax Ledger System since January 8, 1945 and by Ark. Stat. Ann. § 84-816 (Repl. 1960), the collector is substituted for the county clerk for purposes of redemption.

Vanderbilt suggests that laches and estoppel should bar appellee's cause of action. There is nothing in the record to show that appellee did anything to mislead Vanderbilt. The action has been brought in the time

permitted by law. Consequently these contentions have no merit.

The Wallaces, relying upon *Schmeltzer* v. *Scheid,* 203 Ark. 274, 157 S. W. 2d 193 (1941), and *Kitchens* v. *Machen,* 210 Ark. 1046, 198 S. W. 2d 833 (1947), suggest that Washington is barred by her own negligence from claiming redemption of the land from the tax sales. Those cases do not apply here because Washington actually paid for redemption and the tender was misapplied by the collector.

There is no merit to Wallaces' suggestion that Washington, as a grantee under Withers, had no standing to attack the tax title. See Ark. Stat. Ann. § 84-1205 (Supp. 1969), and § 84-1215 (Repl. 1960).

Vanderbilt claims that the trial court erred in refusing to allow her to recover for improvements she made and for damages against Ethel M. Wallace individually. We find no merit in either contention. Concerning improvements, her testimony leaves one in doubt about what improvements were made. Since the burden of proof was on her to show the value of the improvements, we find no error in the denial of relief. With respect to the contract of purchase, the record shows that Joe Wallace died during the pendency of the suit and Vanderbilt's action against him was not revived; that Ethel Wallace signed the instrument only for the purpose of releasing her dower; and the instrument itself is not abstracted. Under this state of the record, we cannot say that the trial court erred in refusing relief by way of damages.

Appellee Washington on cross appeal asks for the reasonable rental value of the premises to date of the trial court's judgment. We find no merit in the cross appeal for, as the trial court pointed out, no such relief was prayed for in the pleadings.

Affirmed.