Marshall G. ALDRIDGE and Diana J. Aldridge *v.* Brent
TYRRELL

89-174                                   782 S.W.2d 562

Supreme Court of Arkansas
Opinion delivered January 16, 1990
[Rehearing denied February 20, 1990.]

*William L. Owen*, for appellants.

*Harlan A. Weber*, for appellee.

JACK HOLT, JR., Chief Justice. On October 2, 1980, the appellee, Brent Tyrrell, purchased a tract of land by warranty deed from Duo-Fast of Arkansas, Inc. (Duo-Fast). The tract consisted of two parcels of land and was subject to a mortgage in favor of Worthen Bank & Trust Company, N.A., and a second mortgage in favor of Duo-Fast. Tyrrell operated the business of Brent Tyrrell GMC Truck, Inc., on the property.

Duo-Fast received the 1980 tax statement in its name and forwarded the tax statement to Tyrrell, who went to the office of the Pulaski County Assessor (Assessor) to ensure the change of ownership on the tax records. Tyrrell paid $1864.04 for the 1980 taxes.

The Assessor, however, transferred only one of the parcels to reflect the change in ownership on the tax records. As a result, in 1982 Tyrrell received a 1981 tax statement, in the amount of $1682.90, for only one of the parcels. The 1981 taxes on the parcel that was not transferred, in the amount of $181.12, became delinquent, and the parcel was certified to the State Land Commissioner for tax sale in June 1985. In June 1988, the property was offered for public sale; however, no acceptable bids were received, and the property was not sold. As a result, on August 18, 1988, the appellants, Marshall and Diana Aldridge (Aldridges), bought the parcel at a negotiated sale. Later that

month, the Aldridges notified Tyrrell that they had purchased the parcel and requested the payment of rent.

Prior to the Aldridges' communication, Tyrrell had not been notified of the tax sale or his ability to redeem the property.

Tyrrell instituted this suit to set aside the limited warranty deed issued by the Land Commissioner on the basis of irregularities in the sale. The chancellor issued a decree setting aside the sale and cancelling the Aldridges' limited warranty deed.

From that decree, the Aldridges appeal and allege five points of error: 1) that Tyrrell failed to state facts upon which relief could be granted because his complaint failed to name the county clerk or collector who were responsible for the tax records, instead of the assessor, 2) that Tyrrell was the proximate cause of any errors on the tax books because he failed to obey the law, 3) that because equity follows the law, and Tyrrell did not obey the law, then equity should not favor Tyrrell, 4) that the Chancellor's finding of facts was clearly erroneous, and 5) that the chancellor erred when she declared two statutes unconstitutional when that issue had not been pled.

We find no merit to any of the points of error and, therefore, affirm.

## FAILURE TO STATE FACTS

The Aldridges initially argue that Tyrrell failed to state facts upon which relief could be granted because his complaint failed to name the county clerk or collector who were responsible for the tax records, instead of the Assessor. We disagree.

The Aldridges argue that the duty of preparing and maintaining the tax books was initially that of the County Clerk, Ark. Code Ann. §§ 26-28-101 to -113 (1987), and that these responsibilities were transferred to the County Collector in 1983. 1983 Ark. Acts 626 § 2. They assert that the chancellor erred when she found that the Assessor made an error in failing to transfer ownership of the property on the tax books.

The taxation process necessarily involves a close interrelationship among the tax assessor, county clerk, and collector. Ark. Code Ann. §§ 26-26-501, -714, -715, -718 (1987), -716

(Supp. 1989); Ark. Code Ann. §§ 26-35-601, -1001 (1987). Specifically, section 26-26-501(a)(1) (1987) addresses the general duties of the Assessor, which provides in pertinent part that "[t]he county assessor shall devote his entire time to the duties of his office. The assessor shall maintain an office . . . for the purpose of taking a list of all real and personal property for that year required to be listed."

■ We noted in *Gilley* v. *Southern Corporation*, 194 Ark. 1134, 110 S.W.2d 509 (1937), that an attempt by an owner, in good faith, to pay his taxes or to redeem his land after failure to do so, may not be defeated by the mistake, negligence, or other fault on the part of public officers in the discharge of their official duties.

■ This rule is dispositive in regard to the facts of this case. The Assessor is a public officer, and Tyrrell went to the Assessor's office in a good faith attempt to ensure that the taxes on his property would be correctly billed and paid. The Chief Deputy Assessor admitted that his office did not change the ownership of the property. Because of the interrelationship of the tax assessor, county clerk, and collector, notice to the Assessor under these circumstances was sufficient. Tyrrell's good faith attempt to pay his property taxes is not defeated by the Assessor's mistake.

## PROXIMATE CAUSE

The Aldridges also contend that Tyrrell's failure to obey the law was the proximate cause of any error on the tax books and that his resultant failure to receive notice would not void the tax sale.

Although section 26-26-501(a)(2) provides in pertinent part that "[a]ny person owning real or personal property, or both, shall, at the time and place indicated in this section, deliver to the assessor, either in person or by agent, a verified list of his real and personal property . . . ," the Aldridges' reliance on *Sadler* v. *Hill*, 243 Ark. 247, 419 S.W.2d 298 (1967), and *Leonard* v. *Thompson*, 228 Ark. 136, 306 S.W.2d 869 (1957), is misplaced.

The chancellor addressed this point of error in her letter opinion of March 14, 1989:

The *Sadler* and *Leonard* cases both involved a situation in

which the court determined that the fact that the plaintiff landowners in the two cases were responsible for the land not being assessed in their respective names barred them from attempting to invalidate the tax sale on that basis. In *Sadler*, a landowner named P.H. Williams paid taxes on the land in the name of "W.T. Williams." Notice of the sale was published in the name of W.T. Williams, and the court held this to be sufficient compliance with the law.

The court in *Sadler*, with little discussion of the issue, relied upon the *Leonard* case in reaching its decision. In *Leonard*, the landowner failed to comply with the requirement that he deliver a verified list of his real property to the Assessor. Due to this failure to assess, the property continued to appear on the record in the name of the previous owner. The *Leonard* court stated:

> We did not comply with the law: he left the lands assessed in the name of the Dorsey Land & Lumber Company. Now he comes into court and seeks to void an improvement district foreclosure sale because he was not named in the published notice as the owner of the land, when it was his own failure to comply with the statute on the assessing of property . . . that prevented him from being listed as owner.

While it is true that Mr. Tyrrell, like the landowner in *Leonard*, did not comply with the letter of the statute, in the instant case we have an additional fact—the error on the part of the Assessor. Further, though Mr. Tyrrell did not present a *verified* list of his real property, he did take steps to assess, and to assure that he was being taxed on the property he owned. There is at least some fault on the part of both Mr. Tyrrell and the Assessor. The case thus boils down to a determination of whose fault was greater.

. . . [Tyrrell's] purpose in personally visiting the Assessor's office was to see that he was assessed correctly — to make sure that the land was reflected in the tax records as being owned by him Ark. Code Ann. § 26-26-718 (1987) states that "[i]t is the duty of the several tax assessors of the state to correctly describe *according to ownership* of each parcel of real property in the county, and every acre of

land or town or city lot must be accounted for on the assessment roll." In this case, the taxpayer substantially complied with the statute on one hand and a public official failed to comply with another statute (through mistake or the like) on the other. . . .

We agree with the chancellor's finding that Tyrrell substantially complied with his statutory duty to assess his property. This is all that is necessary. Her determination as to the relative fault of the parties was not essential or required.

## EQUITY AND FINDING OF FACTS

The Aldridges also contend that equity should not favor Tyrrell because he did not obey the law, in that he failed to provide a verified list of his real property to the Assessor, Section 26-26-501(a)(2), *supra*, and that the chancellor's finding of facts was clearly erroneous.

On appeal, we consider the evidence in the light most favorable to the appellee, and, although we try chancery cases de novo on the record, we will not reverse a finding of fact by the chancellor unless it is clearly erroneous. *McGuire* v. *Bell*, 297 Ark. 282, 761 S.W.2d 904 (1988) (citing *Constant* v. *Hodges*, 292 Ark. 439, 730 S.W.2d 892 (1987) and *Milligan* v. *General Oil Co.*, 293 Ark. 401, 738 S.W.2d 404 (1987)).

In *Vanderbilt* v. *Washington*, 249 Ark. 1070, 463 S.W.2d 670 (1971), we recognized that ". . .[t]he law in Arkansas is rather clear that where a taxpayer makes an attempt in good faith to pay his taxes and is prevented by the mistake, negligence or other fault on the part of the Collector, the sale of his land for nonpayment of taxes is void." *See Scroggin* v. *Ridling*, 92 Ark. 630, 121 S.W. 1053 (1909); *Robertson* v. *Johnson*, 124 Ark. 405, 187 S.W. 439 (1916); *Forehand* v. *Higbee*, 133 Ark. 191, 202 S.W. 29 (1918).

Again, although Tyrrell did not literally comply with section 26-26-501(a)(2), he demonstrated substantial compliance with the statute in that he personally visited the Assessor's office to ensure that the records reflected the change of ownership for the property, and the Assessor's office admitted that they did not do so.

■   The Aldridges' arguments on this point of error are not persuasive; consequently, the chancellor's finding that equity favored Tyrrell is not clearly erroneous.

## UNCONSTITUTIONAL STATUTES

Finally, the Aldridges assert that the chancellor erred when she declared two statutes unconstitutional when that issue had not been pled. The Aldridges raised Ark. Code Ann. § 26-34-102 (1987) and Ark. Code Ann. § 26-37-208 (1987) as affirmative defenses.

Section 26-34-102 provides as follows:

> It shall not be necessary to the validity of an assessment or of a sale of land for taxes that it be assessed to its true owner. Rather, the taxes shall be a charge upon the real and personal property taxed and, when sold, shall vest the title in the purchaser without regard to who owned the land or other property when assessed or when sold.

Section 26-37-208 provides as follows:

> No sale of any land or lot for delinquent taxes shall be considered invalid on account of its having been charged on the tax book in any other name than that of the rightful owner if the land or lot is, in other respects, sufficiently described on the tax books and the taxes for which the land or lot is sold are due and unpaid at the time of the sale.

The chancellor's ruling in regard to this matter stated:

> Finally, I need to mention that I do not find that the statutes cited as affirmative defenses by the defendants control the outcome of this case. The statutes, . . . , in general, provide that a tax sale is not invalidated by the fact that it was assessed in the name of someone other than the true owner. Both of these statutes were first enacted in 1883. Only one of them has ever been cited in a reported case. I find that these statutes have to be read in light of the case law and other statutes cited earlier. The statutes should apply to a case where the taxpayer can be faulted for the fact that the property is assessed in someone else's name. To say that the statutes apply in a case such as the

present is to say that the state may, through its own error, assess the wrong person for the taxes on a landowner's property, fail to notify him that the taxes are due, fail to give him notice of the sale, and thereby deprive that person of his ownership rights in the property. If the statutes are actually meant to apply in such a situation, they are almost certainly unconstitutional.

The chancellor's holding that the Aldridges' affirmative defenses were not controlling in this case is far different from a holding that the statutes are unconstitutional.

Accordingly, we affirm.