Rita R. CARTER *v.* William GREEN, *et al.*

CA 99-56                                             1 S.W.3d 449

Court of Appeals of Arkansas
Division II
Opinion delivered October 6, 1999

*Slagle & Gist*, by: *Richard L. Slagle*, for appellant.

*Carl A. Crow, Jr., & Assocs.*, by: *Ronald D. Kelsay*, for appellees.

A NDREE LAYTON ROAF, Judge. Rita R. Carter owned two tracts of land in Garland County that were forfeited in 1985 to the state for failure to pay taxes. On May 17, 1993, the State Land Commissioner (Commissioner) executed two deeds conveying the property to "The Eureka Missionary Baptist Church," in exchange for $1,600. On May 15, 1996, Carter filed a petition in the Garland County Chancery Court requesting a declaratory judgment that the deeds were void because they conveyed the property to an unincorporated association. Approximately two weeks later, the Commissioner executed two correction deeds that conveyed the property to the Trustees of the church. Carter amended her petition and challenged the Commissioner's authority to issue the correction deeds. After a hearing, the chancellor found that the Commissioner erroneously conveyed the property to an unincorporated association, but acted within the scope of authority in issuing the two correction deeds.

On appeal, Carter contends that the chancellor erred in concluding that the Commissioner was authorized to issue the correction deeds. We affirm.

The chancellor made the following pertinent findings in the final order:

> 3. On May 17, 1993, the State of Arkansas, by the Commissioner of State lands, executed and delivered Deeds to the [property] to "The Eureka Missionary Baptist Church.". . .
>
> . . .
>
> 6. On June 5, 1996, the Commissioner of State Lands issued Correction Limited Warranty Deeds conveying these lands to William Green, Alma Wesson, Georgia Ticey, James Clay and Charles Smith, Trustees of Eureka Missionary Baptist Church, and their successors and assigns.
>
> . . .
>
> 11. When the State Land Commissioner's office determined that the original deed was issued to an unincorporated association incapable of holding title to real estate, it was not necessary to rebid the sale, but instead, the process of issuing a correction deed is and was properly within the scope of authority of the Commissioner, as set forth in A.C.A. § 26-37-101(c), [sic] which provides in part as follows:
>
>> The Commissioner of State Lands shall have the authority to promulgate such rules and regulations . . . such rules and regulations shall have the full force and effect of law.
>
> . . .
>
> 15. The court concludes that there was a high bidder, that the Commissioner concluded that high bidder was an entity that could ultimately not take title, and that upon discovery of such fact, a correction deed was issued to the true high bidder, which was an entity or individual who could take title.
>
> 16. The court further finds and concludes that all of the actions of the Commissioner of State Lands in issue herein are within the rules and regulations properly delegated to the Commissioner.

The facts in this case are not in dispute; it is the chancellor's interpretation of law that is at issue. We review cases appealed from chancery court *de novo*, and although the factual findings of the chancellor will not be set aside unless we find that

they are clearly erroneous, a chancellor's conclusion of law is not entitled to the same deference. *Duchac v. City of Hot Springs,* 67 Ark. App. 98, 992 S.W.2d 174 (1999). If the chancellor erroneously applies the law and the appellant suffers prejudice, the erroneous ruling is reversed. Manifestly, a chancellor does not have a better opportunity to apply the law than does an appellate court. *Id.*

On appeal, Carter argues that the chancellor erred in finding that the correction deeds issued by the Commissioner were authorized and valid under the law and contends that the case should be reversed and remanded for the entry of an order requiring the Commissioner to rebid and resell the property. Carter correctly points out that at the time the correction deeds were issued in 1996, an unincorporated association could not acquire and hold title to property in its own name, *Fausett and Co. v. Bogard,* 285 Ark. 124, 685 S.W.2d 153 (1985), and that a conveyance of real property to an unincorporated association was invalid. *Lael v. Crook,* 192 Ark. 1115, 97 S.W.2d 436 (1936).[1] Carter argues that the deeds conveying property to the church were thus void, and the Commissioner lacked the authority to issue the correction deeds in the names of the trustees. Carter contends that the Commissioner's authority to issue correction deeds is limited by Ark. Code Ann. § 22-6-102 (Repl. 1996), which provides:

> (a) The Commissioner of State Lands shall have the power to correct errors that exist or may exist arising from the erroneous sale of lands belonging or formerly belonging to the state.
>
> . . .
>
> (k) Any action to correct errors on the part of the Commissioner of State Lands shall be legal and binding until overruled or set aside by the decision of a court having competent jurisdiction.

In essence, Carter argues that the scope of the Land Commissioner's authority does not allow for the correction of an invalid conveyance, but only of erroneous sales, and only upon certifica-

---

[1] In 1997, the legislature passed Act 858 that allows a nonprofit association to hold property in its own name. Arkansas Code Annotated section 4-28-504(b) (Supp. 1999) provides: "A nonprofit association in its name may acquire, hold, encumber or transfer an estate or interest in real or personal property."

tion of error by the county collector. The church contends in response that the Commissioner acted within the scope of his authority to issue correction deeds where he erred in the first instance by conveying title to an unincorporated association.

■ The Commissioner's authority to promulgate rules and regulations concerning tax-forfeiture sales is referenced in subsection (c) of the notes to Ark. Code Ann. § 26-37-101 (1997). This authority originated in Act 814 of 1987, which modified Act 626 of 1983. Act 626 of 1983 made significant changes to the existing law concerning tax-forfeiture sales. In pertinent part, Act 814 of 1987 provided:

> Section 7 of Act 626 of 1983, as amended, the same being Arkansas Statute 84-1132 is hereby amended to read as follows:
>
> (c) The Commissioner of State Lands shall have the authority to promulgate such rules and regulations as may be necessary to effectively carry out the provisions of Act 626 of 1983, as amended. Upon adoption, such rules and regulations shall have the full force and effect of law.

The fact that this provision is not codified does not deprive it of the force of law. The absence of a portion of an act in the statutes does not indicate that the act is invalid. *See Hinchey v. Thomasson,* 292 Ark. 1, 727 S.W.2d 836 (1987).

In this case, Carter's land was forfeited to the State in 1985. Title to the property vested in the State of Arkansas in care of the Commissioner of State Lands. Ark. Code Ann. § 26-37-101. The land was first offered for public auction by the Commissioner in August 1991; however, no bids were received, and the Commissioner entered into a negotiated sale agreement with the church in 1993, as authorized when land remains either unsold or unredeemed. On May 17, 1993, the Commissioner executed the two original deeds to the property, and Carter has not alleged that there were any irregularities in the proceedings except as to the naming of the church as grantee in the deeds.

■ The legislature provided the Commissioner with the authority to promulgate rules and regulations to further the intent of the Acts governing tax-forfeiture sales. *See* Ark. Code. Ann.

§ 26-37-101 (Ark. Code Rev. Comm. note c); *see also*, Act 814 of 1987. A senior representative from the Commissioner's office testified that they had an internal policy providing for the issuance of correction deeds when an error is made by their office. Although Arkansas law at the time did not authorize the conveyance of property to unincorporated organizations, the sale was otherwise valid, and we agree that the chancellor correctly found that the Commissioner was acting within the scope of his authority to issue the correction deeds conveying the property to the trustees.

Affirmed.

ROGERS and MEADS, JJ., agree.