BILL'S PRINTING, INC., and First Security Bank *v.*
George F. CARDER III and Sharon L. Carder

CA 02-1147                                   120 S.W.3d 611

Court of Appeals of Arkansas
Division I
Opinion delivered June 18, 2003

[Petition for rehearing denied August 20, 2003.]

*R. Bryan Tilley*, appellant.

*John Patterson, P.A.*, and *Terry J. Lynn*, for appellees.

R OBERT J. GLADWIN, Judge. Appellees George Carder and Sharon Carder brought suit to set aside a deed of cancellation issued by the Commissioner of State Lands and to quiet title to property they had purchased at a public sale. The Cleburne County Circuit Court held that the Commissioner had acted contrary to law in unilaterally canceling the limited-warranty deed granted to appellees and in ordering that the deed of cancellation be set aside. The trial court also found that appellant Bill's Printing, Inc., was not a bona fide purchaser of the subject property. Appellants argue on appeal that (1) the trial court erred in setting aside the deed of cancellation and (2) the trial court erred in finding that Bill's Printing was not a bona fide purchaser for value without notice. We disagree and affirm.

It was stipulated by the parties that C. Patrick Scholes and Laura Scholes owned a lot in Cleburne County that was properly

certified delinquent by the Cleburne County Tax Collector to the State of Arkansas on June 30, 1997, for failure of the landowners to pay the taxes due on the land. On August 14, 1997, the Commissioner gave notice by certified mail to the record owners, C. Patrick and Laura Scholes, informing them that the taxes with respect to the subject property were delinquent and that the lands would be sold at a public sale to be conducted on August 26, 1999. It is stipulated that this notice, which was sent to the Scholeses' last known address but was returned unclaimed, satisfied the requirements of Ark. Code Ann. § 26-37-301 (Repl. 1997).

The subject property was offered at a public sale by the office of the Commissioner of State Lands on August 26, 1999, and was purchased by appellees George and Sharon Carder. It was also stipulated by the parties that the public sale was conducted in compliance with the applicable law. On August 31, 1999, the Scholeses contacted the Commissioner's office and requested information to redeem the land. The Commissioner's office sent them a petition to redeem that contained all information required by law. The petition contained the information that a petition to redeem was valid for ninety days from the date printed, and that in the event the property was sold, they had thirty days from the date of sale to redeem the property. The petition did not notify them that the property had been sold on August 26, 1999, but listed the property as "subject to sale."

On September 29, 1999, the Commissioner executed a limited-warranty deed conveying the property to appellees, which was duly recorded on October 7, 1999. Evidence was introduced to show that on October 13, 1999, Patrick Scholes had the petition to redeem notarized and mailed it to the Commissioner's office with a check for the total amount needed to redeem the property. Thus, he paid the amount due within the ninety-day time frame allowed on property that has been certified to the State but not yet sold, but not within the thirty-day time frame that is required when the property has already been sold.

The Commissioner's office returned Mr. Scholes's check along with notification that the property had been sold in August and that the thirty-day redemption period had expired. Scholes

then contacted the Commissioner's office for review of the sale. Upon review, the Commissioner's office determined that an error had been made in that the office staff had failed to indicate on the petition to redeem that the land had in fact been sold. Although such an indication is not required by law, a representative from the Commissioner's office testified that it was an unwritten office policy to handwrite the date of sale on petitions to redeem land that had already been sold at the time the petition was mailed out. Because this information was not included on the Scholeses' petition, the Commissioner attempted to rectify the situation by executing a deed of cancellation on December 8, 1999, to set aside the limited-warranty deed issued to appellees and, on December 9, 1999, issuing a redemption deed in favor of the Scholeses.

On October 7, 2000, the Scholeses conveyed their interest in the subject property to Bill's Printing, Inc., and this deed was recorded on October 18, 2000. On December 21, 2000, appellees George and Sharon Carder filed a complaint seeking to set aside the deed of cancellation issued by the Commissioner of State Lands and to quiet title to the subject property.

Following a bench trial, the circuit court of Cleburne County found that the sale of the property by the Commissioner was conducted in accordance with the statutory requirements and that no error existed that would justify the cancellation of the limited-warranty deed under the provisions of Ark. Code Ann. § 22-6-102 (Repl. 1996); that because more than thirty days had passed since the sale of the property without redemption as contemplated by the provisions of Ark. Code Ann. § 26-37-203(a) (Repl. 1997), the Commissioner acted contrary to law in unilaterally canceling the limited warranty deed granted to the Carders; that the deed of cancellation was therefore set aside, canceled, and held for naught; and that title to the subject property was quieted and confirmed in appellees. The court further found that the Carders' deed, which was filed in the records of Cleburne County, was notice of their interest in the property and that Bill's Printing, having been put on notice of such claim and having not taken any steps to inquire into the Carders' interest in the property, was not a bona fide purchaser for value without notice.

■ The facts in this case are not in dispute; it is the trial judge's interpretation of the law that is at issue. When a case is tried by a circuit court sitting without a jury, our inquiry on appeal is whether the factual findings of the court are clearly erroneous or clearly against the preponderance of the evidence. *Springdale Winnelson Co. v. Rakes*, 337 Ark. 154, 987 S.W.2d 690 (1999). However, a trial judge's conclusion of law is given no deference on appeal; manifestly, the trial judge does not have a better opportunity to apply the law than does the appellate court. *Carter v. Green*, 67 Ark. App. 367, 1 S.W.3d 449 (1999). If the law has been erroneously applied and the appellant has suffered prejudice, the erroneous ruling is reversed. *Id.*

On appeal, appellants contend that the circuit court erred in setting aside the deed of cancellation and finding that the Commissioner of State Lands acted contrary to the law in unilaterally canceling the limited-warranty deed granted to appellees. Appellants cite several statutory provisions in support of their argument that the Commissioner acted within his authority when he canceled the limited-warranty deed and issued the redemption deed. Arkansas Code Annotated section 22-6-102 addresses the correction of errors growing out of erroneous sales:

> (a) The Commissioner of State Lands shall have the power to correct errors that exist or may exist arising from the erroneous sale of lands belonging or formerly belonging to the state.
>
> . . .
>
> (e) In all cases where lands have been erroneously confirmed to the state and sold by it, twice sold by commissioners, sold by them when the lands were unconfirmed or misdescribed, in whole or in part, or when the sales are in any way irregular, informal, or incomplete, the Commissioner of State Lands shall issue a certificate or take steps to perfect the entry or to enable the purchasers, their heirs, or assigns to have refunded to them any money which they may have paid on any entry that is void or voidable.
>
> . . .
>
> (h) The Commissioner of State Lands, on production of proof satisfactory to him, may correct errors and put land in a situation to have deeds thereon made.

Ark. Code Ann. § 22-6-102(a), (e), and (h). Appellants also cite Ark. Code Ann. § 26-37-204(b) (Repl. 1997), which provides: "The Commissioner of State Lands shall have the authority to set aside any sale. In the event the Commissioner determines that a sale shall be set aside, the purchaser may be entitled to reimbursement of [monies] paid to the Commissioner of State Lands." Appellants' position is that these statutory provisions gave the Commissioner the authority to correct an error made by the State that caused the Scholeses to fail to timely redeem their property.

In *Gilley v. Southern Corp.*, 194 Ark. 1134, 110 S.W.2d 509 (1937), the court noted that a taxpayer who had made an attempt, in good faith, to pay his taxes, or to redeem his land after failure to do so, was not to be defeated in that attempt by the mistake, negligence, or other fault on the part of the public officers in the discharge of their official duties. However, the court went on to hold that there was no error of the clerk where the failure to include on the redemption certificate all of the property involved was as obvious to the owner as it was to the clerk. The court noted that the slightest examination of the redemption certificate would have disclosed the omission of the sixty-acre tract, and held that the clerk should not be charged with this omission as a neglect of his official duty. The court further observed that, except for the omission, there was no mistake in the certificate issued and that, on the contrary, it was a correct and sufficient description of all the land that it described.

*Vanderbilt v. Washington*, 249 Ark. 1070, 463 S.W.2d 670 (1971), involved the sufficiency of a tender of delinquent taxes to redeem lands from a tax sale. There the tender of delinquent taxes was considered actual performance, but the landowner had actually paid the delinquent taxes and the collector misapplied the amount. In the case now before us, there was no *timely* attempt by the Scholeses to pay their delinquent taxes.

In *Aldridge v. Tyrell*, 301 Ark. 116, 782 S.W.2d 562 (1990), the supreme court again noted that an attempt by an owner, in good faith, to pay his taxes or to redeem his land after failure to do so, may not be defeated by the mistake, negligence, or other fault on the part of public officers in the discharge of their official duties. Tyrell went to the assessor's office to ensure the change of ownership of two parcels on the tax records. The assessor mistak-

enly transferred only one of the parcels to reflect the change in ownership. Consequently, Tyrell thereafter received a tax statement and paid taxes on only one parcel. The parcel that the assessor had mistakenly not transferred was eventually sold at a tax sale. Tyrell was successful in having the limited-warranty deed that was issued pursuant to the tax sale set aside on the basis of the assessor's mistake in not changing the ownership information on the property. The supreme court held that where Tyrell had made a good-faith attempt to ensure that the taxes on his property would be correctly billed and paid and where the assessor admitted his office did not change the ownership of the property, Tyrell's good-faith attempt to pay his property taxes would not be defeated by the assessor's mistake.

In *Carter v. Green*, 67 Ark. App. 367, 1 S.W.3d 449 (1999),we noted that the Commissioner had the authority to promulgate rules and regulations to further the intent of the Acts governing tax-forfeiture sales in holding that although Arkansas law at the time did not authorize the conveyance of property to unincorporated organizations, the sale was otherwise valid, and that the chancellor was correct in finding that the Commissioner was acting within the scope of his authority to issue correction deeds conveying the property to the trustees of an unincorporated association. In *Carter* we were again dealing with a mistake made by the Commissioner's office, specifically, naming the church, an unincorporated organization, as grantee instead of naming the trustees of the church as the grantees.

■ There were no irregularities or errors in the notice mailed to the Scholeses or in the public sale of the property. There was no erroneous action committed by the State that caused the Scholeses to fail to timely redeem their property. The "error" complained of by appellants and relied upon by the Commissioner in setting aside the limited-warranty deed was the omission of certain information that the State was not even required to provide to the Scholeses. The statutory provisions that give the Commissioner authority to correct errors contemplate erroneous, irregular, informal, or incomplete sales. The failure of the Commissioner's office to handwrite, on a petition to redeem, additional information that is not required by law or a promulgated office procedure does not cause an otherwise proper sale to be erroneous, irregular, informal, or incomplete. We agree with the

trial court that the sale of the property by the Commissioner of State Lands was conducted in accordance with the requirements of Arkansas law and that no error existed that would justify the cancellation of the limited-warranty deed.

Appellants also argue that the trial court erred in finding that appellant Bill's Printing, Inc., was not a bona fide purchaser for value, reasoning that Bill's Printing relied in good faith on the deed of cancellation and the redemption deed as having removed any superior claim to the property. We disagree.

Arkansas Code Annotated section 14-15-404 (Repl. 1998) addresses the effect of recording instruments affecting title to property:

> (a) Every deed, bond, or instrument of writing affecting the title, in law or equity, to any real or personal property, within this state which is, or may be required by law to be acknowledged or proved and recorded shall be constructive notice to all persons from the time the instrument is filed for record in the office of the recorder of the proper county.

> (b) No deed, bond, or instrument of writing for the conveyance of any real estate, or by which the title thereto may be affected in law or equity, made or executed after December 21, 1846, shall be good or valid against a subsequent purchaser of the real estate for a valuable consideration without actual notice thereof or against any creditor of the person executing such an instrument obtaining a judgment or decree which by law may be a lien upon the real estate unless the deed, bond, or instrument, duly executed and acknowledged or proved as required by law, is filed for record in the office of the clerk and ex officio recorder of the county where the real estate is situated.

In *Massey v. Wynne*, 302 Ark. 589, 791 S.W.2d 368 (1990), our supreme court noted that recordation of an instrument that affects title to real property is constructive notice of that interest to all persons from the time the instrument is filed, and that a subsequent purchaser will be deemed to have actual notice of a prior interest in the property if he is aware of such facts and circumstances as would put a man of ordinary intelligence and prudence on such inquiry that, if diligently pursued, would lead to knowledge of those prior interests. Here the Carders' limited-warranty deed was properly recorded and became part of the chain

of title, thus putting Bill's Printing on constructive notice of their interest in the property. Additionally, the combined presence of a tax lien, the Carders' deed, a deed of cancellation, and a redemption deed in the chain of title constituted "such facts and circumstances as would put a man of ordinary intelligence and prudence on such inquiry [that], if diligently pursued, would lead to knowledge of his rights." *Bowen v. Perryman*, 256 Ark. 174, 180, 506 S.W.2d 543, 547 (1974).

■ The trial court was not clearly erroneous in finding that appellees' limited-warranty deed, which was filed in Cleburne County on October 7, 1999, was notice of their interest in the property and that appellant Bill's Printing, Inc., having been put on notice of such claim and having not taken any steps to inquire into appellees' interest in the property, was not a bona-fide purchaser for value without notice. Accordingly, we affirm.

Affirmed.

ROBBINS and NEAL, JJ., agree.