The Honorable Johnny Key State Representative 1105 Delwood lane Mountain Home, AR 72653
Dear Representative Key:
I am writing in response to your request for my opinion on the following matter:
 The acts creating the Arkansas Beef Council, the Arkansas Wheat Promotion Board, and the Arkansas Corn and Grain Sorghum Promotion Board include language stating that the entities shall be "domiciled in Little Rock, Arkansas, 10720 Kanis Road." That is the address of the Farm Bureau. The language appears in the text of the Arkansas Code § 2-20-804 and in the notes to Arkansas Code §§ 2-20-[604] and 2-35-[303].
 Is this provision still the law in the two instances in which the language appears only in the notes to the Arkansas Code? Does this language require the boards and councils to maintain an office at 10720 Kanis Road? Is it permissible for the General Assembly to require by law that a state agency maintain an office in a privately owned building?
RESPONSE
With respect to your first question, it is my opinion that the provision mandating the address of the three entities referenced has the full force of law. With respect to your second question, it is my opinion that the language used is mandatory and does require that all three entities maintain an office at 10720 Kanis Road. With respect to your third question, I opine that the legislation would not be considered special or local legislation under Amendment 14 to the Arkansas Constitution because it is rationally related to a legitimate governmental objective. It is possible that the requirement might be subject to a challenge as a violation of the separation of powers on the theory that it encroaches on the executive branch's constitutional duty to administer and execute the laws.
Question 1: Is this provision still the law in the two instances in whichthe language appears only in the notes to the Arkansas Code?
Act 160 of 1983, now codified at A.C.A. §§ 2-35-301 to 310 (Repl. 1996 
Supp. 2003), created the Arkansas Beef Council. Section 2 (a) of Act 160 provided, "The Arkansas Beef Council is hereby created to be domiciled in Little Rock, Arkansas, 10720 Kanis Road[.]" Upon codification, this provision of Act 160 was referenced only in the Publisher's Notes to A.C.A. § 2-35-303 (Repl. 1996). Act 283 of 1985 created the Arkansas Wheat Promotion Board with Section 2 (A) providing, "The Arkansas Wheat Promotion Board is created to be domiciled in Little Rock, Arkansas, 10720 Kanis Road[.]" Upon codification to A.C.A. §§ 2-20-601 to 610 (Repl. 1996 Supp. 2003), the only mention of 10720 Kanis Road is in the Publisher's Notes to A.C.A. § 2-20-604 (Repl. 1996 Supp. 2003).
It is important to note that the references to 10720 Kanis Road do not only appear in the notes to the Arkansas Code Annotated as you suggest, but rather exist in the original acts as well. The Arkansas Court of Appeals noted, "The fact that [a] provision is not codified does not deprive it of the force of law. The absence of a portion of an act in the statutes does not indicate that the act is invalid." Carter v. Green,67 Ark. App. 367, 1 S.W.3d 449 (1999) (citing Hinchey v. Thomasson,292 Ark. 1, 727 S.W.2d 836 (1987)); see also Sutherland Statutory Construction § 28:4 (6th Edition, 2002).
It is my opinion that the language of the original act retains the full force of law even if it is not codified. It is therefore my opinion that the provisions requiring the Arkansas Beef Council and the Arkansas Wheat Promotion Board to be domiciled at 10720 Kanis Road are the law.
Question 2: Does this language require the boards and councils tomaintain an office at 10720 Kanis Road?
This question requires me to interpret the statutes referenced. The cardinal rule of statutory construction is to give effect to the intent of the legislature. Shipley, Inc. v. Long, ___ Ark. ___, S.W.3d ___ (Oct. 21, 2004). A court will first look at the plain and ordinary language of the statute in question. Jones v. Double "D" Properties,352 Ark. 39, 46, 98 S.W.3d 405 (2003). Black's Law Dictionary defines "mandatory" as, "Of, relating to, or constituting a command; required; preemptory." Black's Law Dictionary 973 (7th ed. 1999). The plain language of Act 160 of 1983, Act 283 of 1985, and A.C.A. § 2-20-804
(Supp. 2003) states that the entities in question are "to be domiciled." In my opinion this is mandatory language.
It is therefore my opinion that the language "to be domiciled" is mandatory and requires the entities referenced to maintain an office at 10720 Kanis Road in accordance with the law.
Question 3: Is it permissible for the General Assembly to require by lawthat a state agency maintain an office in a privately owned building?
I opine that this legislation would likely not be held to be special or local legislation because it bears a rational relationship in facilitating the orderly functioning of the entities involved with the legitimate governmental objective of promoting the production and consumption of agricultural products of the state. However, it is possible that this legislation could be challenged as a violation of the separation of legislative and executive powers by impermissibly encroaching on the executive branch's discretion as to the administration and execution of the law.
Special or local legislation is prohibited by Amendment 14 to the Arkansas Constitution. Special legislation is legislation that separates one thing, person, or place from the effect of law that would otherwise be subject to it. Eady v. Lansford, 351 Ark. 249, 256-57, 92 S.W.3d 57
(2002). I noted the Arkansas Supreme Court's discussion of special laws in Op. Att'y Gen. 2004-132 where I stated:
 The Arkansas Supreme Court has interpreted the terms "local" and "special," as used in Amendment 14, as follows:
 An Act is special if, by some inherent limitation or classification, it arbitrarily separates some person, place, or thing from those upon which, but for such separation, it would operate, and the legislation is local if it applies to any division or subdivision of the state less than the whole.
 Arkansas HSC v. Regional Care Facilities, Inc., 351 Ark. 331, 339, 93 S.W.3d 672 (2002), citing Hall v. Tucker, 336 Ark. 112, 983 S.W.2d 432
(1999); Fayetteville Sch. Dist. v. Arkansas State Bd. of Educ., 313 Ark. 1, 852 S.W.2d 122 (1993); Owen v. Dalton, 296 Ark. 351, 757 S.W.2d 921 (1988). However, the court has further explained: "Merely because a statute ultimately affects less than all of the state's territory does not necessarily render it local or special legislation." Arkansas HSC, 351 Ark. at 339, citing Boyd v. Weiss, 333 Ark. 684, 971 S.W.2d 237 (1988); Littleton v. Blanton, 281 Ark. 395, 665 S.W.2d 239 (1984).
The court has developed a "rational basis" standard for analyzing the question of whether legislation is impermissibly special or local under Amendment 14. The court has described that standard as follows:
 [W]e have consistently held that an act of the General Assembly . . . that applies to only a portion of the state is constitutional if the reason for limiting the act to one area is rationally related to the purposes of that act. McCutchen v. Huckabee, 328 Ark. 202, 943 S.W.2d 225 (1997). Although a law may be limited in effect only to a few classifications, it is not necessarily special or local legislation if the classification is not arbitrary and bears a reasonable relation to the purpose of the law. Foster v. Jefferson County Bd. of Election Comm'rs, 328 Ark. 223, 944 S.W.2d 93 (1997)
Arkansas HSC, 351 Ark. at 339.
Op. Att'y Gen. 2004-132. In this situation, the General Assembly has created a council and two boards mandating that they each exist at a certain location. In so doing, the General Assembly has separated the functioning of the laws enabling these three entities to one place, 10720 Kanis Road.
The promotion of the production and consumption of agricultural products of the State of Arkansas is certainly a legitimate governmental objective. As recounted in the request for my opinion, 10720 Kanis Road, Little Rock, Arkansas is the Farm Bureau Building. The Farm Bureau has significant roles to play in each of the three entities, with three out of nine members of the Arkansas Wheat Board, three out of seven members of the Arkansas Beef Council, and three out of seven members of the Arkansas Corn and Grain Sorghum Promotion Board comprising representatives of the Farm Bureau. By housing the three entities at issue in this opinion at the Farm Bureau's building, the General Assembly may have been attempting to facilitate the functioning of the entities considering the significant input from the Farm Bureau on each of the three entities in question. Because each of these entities has significant membership from the Farm Bureau, housing the entities at the Farm Bureau building seems to bear a rational relationship to the orderly administration of these boards to promote the production and consumption of agricultural products of the State.
With regard to separation of powers, the Arkansas Constitution provides that there shall be three branches of government within the State and that each branch shall not exercise the powers of another branch. Art. Const. art. 4, §§ 1 and 2. In the case of the General Assembly, it retains all legislative power not otherwise restricted. Federal Express Corp. v.Skelton, 265 Ark. 187, 197-98, 578 S.W.2d 1 (1979). It is the branch of our State government charged with making the laws and appropriating public funds. Id. The executive branch is charged with administering the laws and expending the appropriations. Id. The legislative branch of government may not appropriate funds in such a way or exercise such control over an agency or board that it necessarily impedes the discretion of the executive branch in the administration of the law.See, e.g. Chaffin v. Arkansas Game Fish Comm'n, 296 Ark. 431, 443-44,757 S.W.2d 950 (1988).
The General Assembly may create boards and commissions to carry out the effect of the law. See, e.g. Clinton v. Clinton, 305 Ark. 585, 589,810 S.W.2d 923 (1991) (citing various boards and commissions from the Arkansas Code). These regulatory boards can function as part of the executive branch in administering and executing the laws. See, e.g. Op. Att'y Gen. 2003-138. The three entities in question all exhibit powers usually confined to the executive branch. They administer and oversee the execution of a statutory scheme designed to promote the production and consumption of agricultural products of the State. I believe that they are executive in character. See, e.g. Op. Att'y Gen. 2003-138.
The question is whether the execution and administration of the laws, the province of the executive branch, is compromised by the General Assembly when it mandated the location of the board or commission in the enabling legislation. The day-to-day operations of an office are left in the sound control of the executive branch. See, e.g. Op. Att'y Gen. 95-367. My predecessor noted that there is sparse case law in Arkansas addressing the issue of legislative encroachment on executive powers under the separation of powers doctrine. Op. Att'y Gen. 2000-151 fn. 1. I have not found any additional information or precedent in my research on this topic at the present time. The footnote in Op. Att'y Gen. 2000-151
continues, quoting Op. Att'y Gen. 91-020 in discussing whether the interference by the legislative branch is "significant" or whether there was interference with staffing, resource allocation decisions, or constitutional power. Furthermore, my predecessors have addressed the question of separation of powers at a county level as a question of fact best left to the judiciary. Op. Att'y Gen. 89-206. Clearly, by mandating the address of the three entities referenced, the General Assembly has curtailed the discretion of the executive branch in the administration and functioning of these entities. As one of my predecessors has noted with respect to counties, the executive branch retains the control over day-to-day operations. Op. Att'y Gen. 89-206. I agree with my predecessors that, generally speaking, the day-to-day operations of government are the purview of the executive branch. I also agree with my predecessors that these types of issues are best resolved by the judiciary.
While I believe that this legislation would pass a rational basis analysis under Amendment 14's prohibition on special and local legislation, there is insufficient Arkansas precedent to confidently predict whether a court might find this legislation violates the separation of powers doctrine.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE, Attorney General
MB:JMD/cyh